## Will Ellis v. State.

### No. 2335.    Decided March 5, 1913.

**1.—Selling Intoxicating Liquor—Local Option—Sufficiency of the Evidence.**

Where, upon trial of a violation of the local option law, the evidence sustained the conviction, there was no error.

**2.—Jury and Jury Law—Practice—Bill of Exceptions.**

Neither side should be permitted to test jurors by showing that they would or would not give credence to the testimony of any witness for either side; besides, the bill of exceptions was defective in not pointing out the error.

**3.—Same—Challenge—Opinion of Juror.**

Where, upon appeal, the bill of exceptions showed that defendant's claim that the juror had a formed opinion was not supported, but was shown that the juror was qualified, there was no error; besides, the juror was peremptorily challenged and did not sit on the case. Following Duke v. State, 61 Texas Crim. Rep., 441, and other cases.

**4.—Same—Jury and Jury Law—Talesmen.**

While the court should have granted the motion to place the names of the talesmen on separate slips of paper, etc., as the statute directs, yet, where the record showed on appeal that no injury whatever occurred by this action of the court and that no objectionable juror was forced upon the defendant, there was no error. Following Mays v. State, 50 Texas Crim. Rep., 165, and other cases.

**5.—Same—Evidence—Bill of Exceptions.**

Where the bill of exceptions did not show that any answer was given to the question which was objected to as leading, there was nothing to review. Following Carter v. State, 59 Texas Crim. Rep., 73.

**6.—Same—Evidence—Impeaching Witness.**

Upon trial of a violation of the local option law, there was no error in not permitting the defendant to ask a State's witness what he had sworn to in another case with a view of impeaching him, the matter having no connection with the case on trial.

**7.—Same—Evidence—Impeaching Witness—Moral Turpitude.**

It is always permissible to impeach a witness by showing that he has been indicted or is then under indictment for a felony, and the court correctly refused a special charge to the contrary.

**8.—Same—Agency—Charge of Court—Alibi.**

Where the evidence showed a specific and direct sale of intoxicating liquors by defendant to the witness, the court did not err in not submitting the question of agency to the jury, and in not charging that the question of alibi was thereby not affected.

**9.—Same—Charge of Court—Limiting Testimony.**

Where testimony could not be legitimately or rationally used for any other purpose than that of impeachment, it is not error to refuse to limit same for that purpose. Following Sue v. State, 52 Texas Crim. Rep., 122, and other cases.

**10.—Same—Charge of Court—Alibi—Words and Phrases.**

Where, upon trial of a violation of the local option law, the evidence raised the issue of alibi and the court gave a correct charge thereon, the contention that the use of the words "that if the offense was committed as alleged" was on the weight of the evidence was untenable.

**11.—Same—Argument of Counsel.**

In the absence of a bill of exception pointing out the error in the argument of State's counsel and a written charge withdrawing same, there was no error.

Appeal from the District Court of Potter. Tried below before the Hon. J. N. Browning.

Appeal from a conviction of a violation of the local option law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*J. A. Carlisle* and *W. I. Busby,* for appellant.—On question of moral turpitude: Wright v. State, 63 Texas Crim. Rep., 429; 140

S. W. Rep., 1105; Merriweather v. State, 55 Texas Crim. Rep., 438; 116 S. W. Rep., 1148; Hightower v. State, 60 Texas Crim. Rep., 109; 131 S. W. Rep., 324; Holmes v. State, 150 S. W. Rep., 926.

On question of argument of counsel: Crow v. State, 33 Texas Crim. Rep., 264; Kirksey v. State, 61 Texas Crim. Rep., 298; 135 S. W. Rep., 124.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of moral turpitude: Clay v. State, 65 Texas Crim. Rep., 402; 144 S. W. Rep., 280.

PRENDERGAST, JUDGE.—Appellant appeals from a conviction for unlawfully selling intoxicating liquor in prohibition territory with the lowest penalty—one year confinement in the penitentiary. The evidence is amply sufficient to sustain the verdict.

By bill appellant complains that in examining the jurors on their voir dire, the court refused to permit him to ask them this question: "Should it develop in the progress of this case that the State's witness, Charles Koethe, is in the employment of the Sheriff's department, would you give the same weight and credence to the testimony of said witness as were he not in such employment?" The bill states the purpose of this question was to ascertain if the prospective jurors would be prejudiced against or biased in favor of said State's witness because of such employment. The court, in allowing the bill, qualified it by stating he refused to permit the jurors to answer said question "because it tended to commit them on the question of what they thought of the credibility of the witness before he had testified." We have given the substance in full of the bill. It does not disclose that said witness was in the employ of the Sheriff's department or if so in what capacity, or for what purpose. As qualified by the court, the bill presents no error. Even if not qualified by the court, certainly neither side should be permitted to test jurors by showing that they would or would not give credence to the testimony of any witness for either side.

By another bill appellant complains that the court should have sustained his peremptory challenge to the juror Berkley, because he showed that he had formed an opinion as to the guilt or innocence of appellant. To take the whole bill, appellant's claim is not supported, but the juror is shown to be qualified. Even if his challenge should have been sustained, the bill clearly shows that the juror was then challenged peremptorily by appellant and did not sit in the case and no injury whatever is shown to appellant by his bill. Duke v. State, 61 Texas Crim. Rep., 441; Mays v. State, 50 Texas Crim. Rep., 165.

By another bill appellant shows that in making up the jury by challenges from both sides there were only eight accepted jurors; whereupon the court ordered talesmen summoned, which was done. When these talesmen were brought before the court, appellant pre-

sented his written motion to instruct the clerk to place all names of these talesmen on separate slips of paper as near the same size and appearance as may be, place them in a box or other receptacle and shuffle them, after which each slip to be drawn by the clerk and the name thus drawn placed upon the jury list in the order in which they were drawn, as directed by statute. The court refused this motion, to which appellant excepted. This is the whole, in substance, of the motion and bill. Unquestionably the court should have granted this motion, as the procedure clearly prescribed by the statute directs it. Articles 713, 702, and 703, C. C. P. But as this was not done we look to the bill to see if any injury whatever occurred to appellant by this action of the court, or if any objectionable juror or any juror who was not fair and impartial was thus forced upon him. The bill nowhere and in no way shows any injury whatever to him by reason of this error of the court. This being the case, the error would not justify this court to reverse. Duke v. State and Mays v. State, supra.

Appellant's next bill complains that the court permitted the State to ask the witness Koethe a leading question. The bill does not show that any answer was given and is wholly insufficient to show any error. Carter v. State, 59 Texas Crim. Rep., 73.

By another bill appellant complains that the court would not permit him to ask said witness, Koethe, what he swore in another case, with a view of impeaching him. When he was asked what he swore in the other case had no connection whatever with this case, or any testimony of the witness in this case. The bill shows the court specifically told appellant that if he proposed to impeach the witness by showing he made different statements to what he makes now, about this case on trial, he would permit that, but he would not permit the testimony in the other case. No error is shown by this bill. It is unquestionably the law that no witness can be impeached on immaterial matters and about something that has no connection with the case on trial.

It is always permissible in this State to impeach a witness by showing that he has been indicted or is then under indictment on a felony charge. There was no error in permitting appellant's witness, Dunaway, to be thus impeached in this case and it would have been improper for the court to have given appellant's special charge to entirely disregard and not consider such impeachment as effecting the credibility of said witness.

As the evidence did not raise the question that appellant acted as the agent of said witness, Koethe, in procuring whisky for him, but showed a specific and direct sale and delivery by appellant to the witness, the court did not err in not submitting the question of agency to the jury, nor did it err on that account in not charging that the question of alibi was thereby not affected, even if the questions were so raised as to require this court to consider them.

Appellant next complains that the court failed to charge limiting the fact that his witness, Dunaway, had been indicted for a felony, to the purpose of impeachment only. He asked no charge on the subject. The matter is shown to be this way: He objected to the State in its cross-examination of his witness Dunaway, proving by Dunaway that he himself had been indicted for selling intoxicating liquors, which was a felony, and that the indictment was pending in that court, because said testimony could not be introduced for the purpose of impeaching him. The court permitted the testimony for that purpose and overruled his objections. He then requested a charge telling the jury that such testimony did not impeach his witness and that they should not consider it for that or any other purpose. Then he now complains that if he is mistaken in all that, and the testimony was admissible, the court ought to have limited its effect to impeachment only.

"When testimony could not be legitimately or rationally used for any other purpose, it is not error to refuse to limit same for that purpose." Sue v. State, 52 Texas Crim. Rep., 122. This is the unquestioned rule in this State, specifically so held in Brown v. State, 24 Texas Crim. App., 170, and is so laid down by Branch's Crim. Law, sub-div. 3, sec. 873, page 555; and sec. 367, under which sections many other cases to the same effect are collated and cited.

The evidence called for and the court gave a correct charge on alibi, and committed no error in the use of the words "that if the offense was committed as alleged," in the charge on alibi, as follows:

"4. Among other defenses set up by the defendant is an alibi, that is, that if the offense was committed, as alleged, then the defendant was, at the time of the commission thereof, at another and different place from that at which such offense was committed, and therefore was not and could not have been the person who committed the same. Now, if the evidence raises in your minds a reasonable doubt as to the presence of the defendant at the place where the offense was committed at the time of the commission thereof, you will find the defendant not guilty."

No reversible error is shown by appellant's last bill of exceptions complaining of a remark by the district attorney, in his closing argument. The bill is meager, does not show the attitude of the case in such a way as to show whether or not the language by the district attorney, complained of, could have in any way injuriously affected appellant. No written charge was requested that his remarks be not considered. The bill shows no error. Clayton v. State, 67 Texas Crim. Rep., 311; 149 S. W. Ap., 119, and authorities therein cited.

The judgment is affirmed.

*Affirmed.*