TED CARROLL V. THE STATE.

No. 10107.   Delivered April 7, 1926.

**1.—Theft—Statute Construed—Art. 1887, Revised Statutes of 1925.**

While the codifiers did not embrace within Art. 1887 of the revision of 1925, all of the provisions contained in the old law with reference to special district judges, it does provide for the election of a special judge, when the regular judge of a district court fails or refuses to hold court, and the special judge in this cause having been elected in the manner prescribed, and took the proper oath of office, we are not now called upon to further construe the new Art. 1887.

**2.—Same—Jury Wheel—Motion to Quash Panel—Properly Overruled.**

Where a motion is made to discharge the jury tendered appellant because same was not drawn from the jury wheel in compliance with the law, such motion must be in writing, supported by the affidavit of the defendant, or some credible person, and the judge must hear evidence when such challenge is made, and decide whether same be sustained or not. Arts. 608 and 641 C. C. P., 1925.

**3.—Same—Continued.**

Appellant urges certain irregularities in refilling the jury wheel in January, 1926, but in the absence of a showing of the truth of his contention, we are compelled to conclude that same was not sustained by the evidence heard by the trial court.

Appeal from the District Court of Bexar County. Tried

below before the Hon. O. M. Fitzhugh, Special Judge.

Appeal from a conviction for theft, penalty two years in the penitentiary.

The opinion states the case.

*T. M. West* and *W. W. Walling* of San Antonio, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in District Court of Bexar County of theft, punishment two years in the penitentiary.

There are two complaints in the record, each of which is referred to in the brief filed. The first is of the Revised Civil Statutes of Texas 1925, Art. 1887, which is as follows:

"Special Judge, When.—Should the judge of a district court on the first day or any future day of a term, fail or refuse to hold the court, the practicing lawyers of the court present may elect from among their number a special judge who shall hold the court and proceed with the business thereof."

The remainder of the chapter in which said article is found sets out the manner in which the election shall be held, proclaimed and recorded. It is urged by appellant that so much of the law authorizing the election of a special judge as contained in previous statutes, and specifying his powers, terms, continuance, etc., is omitted by the codifiers, that this statute is insufficient. It is true that the codifiers did not specify what the powers and duties of a special judge are, nor when the term of the special judge should end, nor what the procedure should be in the matter of completing records in all cases tried before him, as was done in former statutes, and it might give some trouble in determining, in a proper case, in the absence of such statutory announcement, what conclusion could be reached as to the power of a special judge after the return to the bench of the regular occupant. These are moot questions here, and not necessary to be passed on. The judge in this case was elected in the manner prescribed, he took the proper oath of office, and for aught this record shows, fully tried this case in the absence of the regular judge.

The other complaint, evidenced by a bill of exceptions, sets out that the judges of the courts in San Antonio, after the rendition by this court of its opinion in Atwood v. State, 96 Texas Crim. Rep. 249, decided that their jury wheel had not been filled in accordance with the law as construed in said case, and by

order jointly signed they directed that the wheel then in use be emptied and filled again by the proper officers in accordance with the law controlling such matter. This seems to have been done. The wheel was originally filled in August, 1925, presumably from the roll made up by the assessor for that year, though it is stated in the motion to quash the panel that it was filled from the 1924 "poll tax list, as was done in August, 1925." It is provided in Art. 682, Vernon's C. C. P., which is Art. 608, Revised Criminal Statutes 1925, that a challenge to the array of jurors must be in writing and supported by the affidavit of the defendant or some credible person. It is also provided in Art. 683 of Vernon's C. C. P., same being included in Art. 608 of the 1925 Code, that the judge shall hear evidence when such challenge is made and decide whether same be sustained or not. Art. 716 of Vernon's C. C. P., which is Art. 641 of the 1925 Code, provides that the array of jurors in cases not capital shall be challenged in the manner provided in capital cases, and the proceedings in such case shall be the same.

While the proceeding now being discussed by us was not technically a challenge to the array, it was in legal effect identical, and we know of no other rule to apply than that it should be governed by the statutory provisions where such objection is made to the jury. In this case appellant moved to discharge the jury because it was not legally obtained.

The order of the court overruling appellant's motion to discharge the jury panel does not appear in the record other than as referred to in the bill of exceptions. This court always presumes regularity in the action of trial judges unless the contrary is made to appear in the record. In other words, there is nothing before this court to support any contention that the jury wheel was filled in 1926 from a different list than the one used in August, 1925. This much is said for the reason that in a statement of the agreed facts which was before the court at the time he overruled appellant's motion to quash, there appears no showing in regard to the list of jurors from which the jury wheel was filled in August, 1925. It does appear from said agreement that the assessor's roll was made up and filed in July of said year. In the absence of a showing to the contrary, our conclusion would be that the officers in filling the jury wheel in August, 1925, used the list of voters, etc., thus made out. As we understand appellant's contention in this regard, it is that the officers did not use the list in refilling the wheel in January, 1926, which was used by them in filling it originally in August, 1925. In the absence of a showing of

the truth of this contention, we are compelled to conclude that same was not sustained by the evidence heard by the trial court. We do not regard the matters of complaint at the size of the jury wheel and the condition of its contents as of that serious nature which would call for any discussion on our part.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*