## J. T. Evans v. The State.

No. 10568.   Delivered October 12, 1927.
Rehearing denied June 20, 1928.
Second rehearing denied October 17, 1928.

The opinion states the case.

*Nat Gentry, Jr., Haynes Shannon,* and *T. P. Buffington* for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is embezzlement; the punishment confinement in the penitentiary for five years.

Appellant was convicted of the offense of embezzlement under Article 523 Vernon's Annotated Penal Code, 1916 (now Article 544 Penal Code), the indictment alleging in substance that on February 3rd, 1925, appellant was Vice-President and Agent of the Farmers' State Guaranty Bank of Navasota, which bank was incorporated under the laws of the State of Texas, and was doing business in Navasota, Grimes County, Texas, and that as such Vice-President and Agent he received and took into his possession the sum of three thousand dollars in money, and that without the consent of the bank, he embezzled said amount of money and appropriated it to his own use and benefit.

By bills of exception number 1 and 2 appellant complains of the action of the court in overruling his motion to quash the indictment, his specific complaint being that Article 523 Penal Code of 1911, under which the state elected to prosecute him, was repealed by the adoption of the Penal Code of 1925, and that there is no statute in the Penal Code of 1925, amendatory of Article 523 Penal Code of 1911. Appellant takes the position that Article 523 was repealed by the adoption of the Penal Code of 1925, and that Article 544 Penal Code of 1925, which went into effect on September 1st, 1925, is a new and different offense from that denounced by the repealed Article 523. He asserts, that inasmuch as it is alleged in the indictment that the offense was committed on the third day of February, 1925, and that the Penal Code embodying Article 544, became effective on the first of September, 1925, he was indicted for an offense denounced in an article that had been repealed by the adoption of the new Penal Code, and that he was thereby deprived of the equal protection of the law under the Constitution of the United States and of Texas.

We are unable to sustain appellant's contention. While Articles 544 and 545 Penal Code of 1925 were in effect when appellant was indicted and tried, their enactment, by the adoption of the Penal Code of 1925, in no way changed the offense denounced by Article 523, except that Article 544 of the new Code, provides that it shall not be necessary to allege and prove that the embezzlement was without the consent of anyone, and further that if the accused had the consent of anyone authorized to consent to his acts he might prove it, whereas Article 523, Penal Code of 1911, contains no such provision. The penalty provided in Article 523, Penal Code of 1911, remains unchanged in Articles 544 and 545, Penal Code of 1925. The same offense is denounced in both codes. Prosecution under Article 523 Penal Code of 1911, being more burdensome to the State than a prosecution under Article 544 of the Penal Code of 1925, could not result in prejudice to appellant. Article 17 Penal Code of 1925 expressly provides that "no offense committed and no fine, forfeiture or penalty incurred under existing laws previous to the time when this code takes effect shall be affected by the repeal herein of any such law."

Appellant's next complaint, as shown by his bills of exception Numbers 3 and 4, is that the trial court erred in overruling his motion to quash the indictment on the ground that it was void because of uncertainty. The specific criticism of the indictment is

that appellant could not be apprised from a reading of the allegations contained therein whether he was charged with violating the provisions of Article 1534 Penal Code of 1925 or the provisions of Article 523 Penal Code of 1911. We are unable to agree with appellant that his position is tenable. Article 1534 Penal Code of 1925 denounces generally acts constituting embezzlement, whereas Article 523, Penal Code of 1911, denounces, among other things, embezzlement by officers and employees of state banks insofar as the acts of such officers result in injury to such banks. The indictment in the instant case specifically alleges that appellant was Vice-President and Agent of the Farmers' State Guaranty Bank of Navasota, a State bank, and that he embezzled funds of said bank without its consent. These allegations were sufficient to apprise appellant of the fact that he was being prosecuted as an officer of a state bank for having embezzled the bank's funds.

By bill of exception Number 7 complaint is made that the trial court erred in overruling appellant's motion to quash the indictment, it being alleged that there were unauthorized persons in the grand jury room during the time the grand jury was deliberating on the case. The evidence heard by the court shows that there was no one present in the grand jury room either during the time when the grand jury was discussing and examining the reasons for and against finding a bill of indictment or during the time the grand jury was voting upon the accusations against appellant. See Branch's Annotated Penal Code, Section 486, page 252; Porter v. State, 160 S. W. 1194; Sims v. State, 45 S. W. 705; McGregor v. State, 201 S. W. 184.

Bill of exception Number 8 complains of the action of the trial court in overruling appellant's application for a change of venue. The evidence heard by the court on the issue as to whether such prejudice existed against appellant in Grimes County as to preclude him from receiving a fair and impartial trial was conflicting. It does not appear that the court abused the discretion lodged in him in refusing the application for a change of venue. Unless it is clear that the trial court has abused or arbitrarily exercised his judicial discretion, his action in refusing a change of venue will be sustained on appeal. Branch's Annotated Penal Code, Section 299, page 180; Barnett v. State, 176 S. W. 580. Furthermore, the evidence was sufficient to warrant a conviction, and appellant received the minimum penalty.

By bill of exception Number 13, appellant complains of the action of the trial court in instructing the sheriff to summon talesmen from the north end of Grimes County. It appears from the recitals in the bill that after the list of jurors for the week had been exhausted the court instructed the sheriff to summon from the north end of Grimes County twenty-six talesmen, and that after such additional list of names had been exhausted the sheriff was instructed by the court to summon twelve more jurors from the north end of the county. The bill shows that the sheriff obeyed this instruction. There is no recital in the bill showing that any of the jurors summoned from the north end of Grimes county sat upon the jury that tried appellant. In this condition of the record the bill is insufficient to manifest prejudicial error. While the manner of the selection of talesmen is within the discretion of the sheriff under the statute and the court has no authority to instruct the sheriff to select such jurors from any particular section of the county, appellant's bill is in such condition that we are unable to review the matters complained of.

By bill of exception Number 23 appellant complains of the action of the trial court in refusing to grant him a new trial on the ground that one of the jurors separated himself from the rest of the jury, without the consent of the officer in charge, and without being accompanied by an officer and conversed out of the sight and hearing of the rest of the jury with another person who was not a member of the jury. It appears from the testimony heard by the court that one of the jurors stepped outside the door of the jury room and talked to his wife five or ten minutes. This juror testified that the only conversation that took place between him and his wife was as follows: "How long will you be here?" she asked. He replied, "I will get off today, and it may be a week. You go over to Sister's and stay there until I come home." The juror stated that he then asked his wife how she and their child stood the trip. The juror's wife testified that she and her husband made no reference to the case that was being considered. The evidence further shows that the door to the jury room was open and that the juror and his wife were just outside the door when their conversation was had. Appellant's bill manifests no error. The burden was on the state to show that the separation did not result in injury, and this burden was fully discharged in the present instance. In the case of Watson v. State, 199 S. W. 1113, this court said: "The purpose of the statute is to preserve the purity of the verdict, and where it is shown that a temporary separation of one of the jurors from his fellows did not

and could not have affected the verdict or impartiality of the trial a reversal is not required nor authorized." See also McClure v. State, 273 S. W. 604.

There are several bills of exception in the record which we have not undertaken to discuss. From a careful examination of these bills we are of the opinion that they present no error.

Finding no error, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

#### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant urges that our opinion is wrong in not sustaining his contention in bill of exceptions No. 13, which sets out that his challenge to the array of jurors was overruled. By the terms of Art. 608, C. C. P., such challenge may be made for only the cause set forth in the statute; must be in writing, and supported by the affidavit of the accused or some credible person. Looking to said challenge as it appears in this record, we observe that it is not made on the ground set out in the statute, neither is it supported by the affidavit of anyone. Art. 608, supra, relates to such challenge when made in capital cases, but Art. 641, id., makes the same rules apply when challenges to the array are made in cases less than capital. This being true, we see no error in the matter complained of. Aside from this, the matter was discussed and correctly decided on its merits in the original opinion. We perceive no error in our opinion upholding the action of the court in refusing the charge requested.

The motion for rehearing is overruled.

*Overruled.*

#### OPINION ON APPLICATION FOR LEAVE TO FILE SECOND MOTION FOR REHEARING.

The matters raised by appellant in his application for leave to file second motion for rehearing have all been considered by this court both upon the original presentation and in connection with the motion for rehearing. The application for leave to file second motion for rehearing is denied.

*Rehearing denied.*