## LASSITER v. BOUCHE et al.

No. 10834.

Court of Civil Appeals of Texas. Dallas.
June 13, 1931.

Rehearing Denied July 11, 1931.

See, also, 5 S.W. (2d) 831, 14 S.W. (2d) 808.

W. N. Coombes and White & Yarborough, all of Dallas, for appellant.

Locke, Locke, Stroud & Randolph, of Dallas, for appellees.

JONES, C. J.

This suit was instituted October 23, 1924, by Mrs. M. W. Lassiter, appellant, against appellees, Mrs. Jennie L. Bouche and Julius Edmund Bouche, to establish a parol trust in an undivided one-half interest in real estate located in the city of Dallas. The case was tried to a jury and resulted in a verdict in

favor of appellees, and judgment was entered in accordance with the verdict. The appeal is duly perfected. The facts essential to an understanding of the issues discussed are:

In 1879, Elisha H. Kendall, the grandfather of appellant, died intestate, leaving his wife, Mrs. Julia Kendall, and three children, appellee Jennie L. Bouche, C. P. Kendall, and Mrs. Mollie E. Wright, mother of appellant. The land was community property, and the ownership thereto, on decedent's death, vested one-half in the surviving wife, Mrs. Julia Kendall, and one-sixth in each of the children. On April 23, 1883, Mrs. Wright, joined by her husband, J. W. Wright, parents of appellant, by general warranty deed, conveyed, to C. P. Kendall and appellee Jennie L. Bouche, Mrs. Wright's interest in the property in controversy, together with other property, for a consideration of $1,250 cash and the conveyance to Mrs. Wright of 160 acres of land situated in Marion county, Tex. The recited cash consideration was paid and the deed of conveyance of the Marion county land duly executed and delivered to Mrs. Wright. The title to the property in controversy then became vested, an undivided one-half interest in Mrs. Julia Kendall, an undivided one-fourth interest in appellee Mrs. Jennie L. Bouche, and an undivided one-fourth interest in C. P. Kendall.

C. P. Kendall died testate January 10, 1895, and Mrs. Julia Kendall died testate in September, 1896; the will of each was duly probated and their respective estates vested under the respective terms of their wills. After the death of C. P. Kendall and Mrs. Julia Kendall, the land in suit was owned, a one-half interest in Mrs. Bouche; this interest is composed of the one-sixth interest inherited from her father, the one-twelfth interest acquired by deed from the Wrights, and a one-fourth interest acquired through the will of Mrs. Julia Kendall; the other one-half interest was owned by appellee Julius Edmund Bouche and is composed of a one-fourth interest acquired through the will of C. P. Kendall and a one-fourth interest acquired through the will of Mrs. Julia Kendall.

It is the contention of appellant that there was no consideration passed to her mother, Mrs. Wright, for the execution of the deed of April 23, 1883; that the deed was executed for the sole purpose of protecting Mrs. Kendall and her son, C. P. Kendall, an incurable invalid, in the use and occupancy of the land as a home during their lives, with the oral agreement that, at their deaths, it would be partitioned between Mrs. Wright and appellee Mrs. Bouche without reference to the deed. Appellant testified that, shortly after the death of Mrs. Julia Kendall, she heard a conversation between her mother, Mrs. Wright, and her aunt, Mrs. Bouche, in which her mother reminded Mrs. Bouche of such agreement, and also in which her mother

stated that she would contest the wills of C. P. Kendall and Mrs. Julia Kendall, unless Mrs. Bouche would recognize the agreement and would consent to a partition of the property, as provided for in the agreement. Appellant further testified that Mrs. Bouche acknowledged the agreement and consented to the contention of her mother, and promised that the property should be so partitioned; that an agreement was entered into by which the husband of Mrs. Bouche should rent the property until it should be sold, and that, after taxes and expenses of upkeep were paid, one-half of the net profits of the rent would be remitted to her mother until the property could be sold; that her mother received rent under this agreement up until the time of her death; that during her mother's lifetime she executed to appellant a deed of conveyance of her interest in the land, and that in 1923 she came to Dallas and demanded of Mrs. Bouche a partition of the property under the agreement, but that appellee denied the existence of such an agreement, denied the admission made on the occasion, just after the death of Mrs. Kendall, and this suit was then instituted.

This is the second appeal of this case; on the first appeal this court affirmed the judgment in favor of appellees, peremptory instruction having been given in their favor by the trial court. A writ of error was granted, and the Supreme Court, through an opinion of the Commission of Appeals, affirmed the judgment in so far as it affected the interest of appellee Julius Edmund Bouche, but reversed and remanded the case in so far as it affected the interest of Mrs. Bouche, acquired by the deed from the Wrights in 1883. The effect of the judgment entered by the Commission of Appeals is to confirm title in Julius Edmund Bouche of a one-half interest in the land in controversy, and to confirm in Mrs. Bouche her interest in the land, except a one-twelfth interest she asserts she acquired by the 1883 deed, and to reverse the cause for a trial on the merits as to the ownership of this one-twelfth interest in the land, the Supreme Court's holding being to the effect that the evidence of appellant as to the oral trust agreement did not come under the inhibitions of article 3716, R. S. 1925, and that the trial court and this court erred in holding that appellant's evidence as to said conversation between Mrs. Bouche and her mother was inadmissible. The opinion on the former appeal of this court is reported in 5 S.W.(2d) 831, and the opinion of the Commission of Appeals is reported in 14 S.W.(2d) 808. Both of these opinions are referred to for a further statement of the issues involved.

The issue as to the existence of the parol trust was the only disputed issue to be tried in the lower court, and the court, under the opinion of the Supreme Court in the former appeal, properly directed a verdict in favor of

Julius Edmund Bouche, and properly submitted to the jury the issue relating to the existence of the agreement creating in parol an express trust in favor of Mrs. Wright. The jury returned its finding that no such parol agreement existed, and judgment was entered accordingly. This finding is sustained by the evidence and is adopted as the finding of this court. Hereafter, the term appellee will refer to Mrs. Bouche.

There are several assignments of error, but in our opinion only two call for a discussion by this court, viz.: (a) Error in sustaining appellee's objection to certain questions asked the jury in the voir dire examination, and (b) error in the admission in evidence of a number of letters in reference to the consummation of the sale by Mrs. Wright of her interest in the land, as evidenced by the deed of 1883. These two issues will be discussed in the order named.

█ The questions propounded to each member of the jury by appellant's counsel, and not allowed by the court, are an attempt to elicit from the jury the fact as to whether there existed any prejudice against the use of an oral agreement to dispute the terms of such written documents. The questions were varied in form as objections were sustained, but all questions, in substance, were as stated. The objection sustained was, in effect, that it was an attempt to secure from the jurors, in advance of a hearing of the evidence, an expression as to the weight a juror would give such evidence.

The record shows that, after it was explained by counsel to the jury that appellant would rely upon an alleged oral agreement and the defendant would rely upon a written agreement, and that the proof of appellant's case would be by oral testimony, while the proof of appellee's case would be mainly by written evidence, each juror, in response to questions asked, stated that he had no bias or prejudice against appellant in this kind of a lawsuit; that he knew of no reason why, if chosen on the jury, he would not make a fair and impartial juror; that he would try the case according to the evidence as it was given from the witness stand, and other evidence admitted by the court, and would be governed by such evidence and the law, as given by the court.

The preliminary examination of a jury by counsel, and the extent to which it may be carried, rests in the discretion of the trial court. It is a discretion that can be abused, and, if it should appear that a litigant had been denied a substantial right by the court's refusal to permit counsel to elicit information that, in justice to himself and his client, he is entitled to have for an intelligent exercise of challenges, such refusal would constitute reversible error. Houston & T. C. Ry. Co. v. Terrell, 69 Tex. 650, 7 S. W. 670.

Counsel should not be permitted, by questions to a prospective juror, to commit such juror, in advance of the evidence, as to the weight he would give any certain evidence. We are inclined to the opinion that the questions sought to be propounded to jurors by appellant's counsel infringed upon this rule. If mistaken in this conclusion, we are of opinion that, each juror having answered, after a knowledge of the character of evidence which would be relied upon by each party to prove their contentions, he had no prejudice or bias in such a case, the trial court did not abuse its discretion in refusing to permit the respective questions propounded by appellant. Galveston, H. & S. A. Ry. Co. v. Contois (Tex. Civ. App.) 279 S. W. 929; Merkel v. State, 75 Tex. Cr. R. 551, 171 S. W. 738, 740; Collins v. State, 77 Tex. Cr. R. 156, 178 S. W. 345; Ellis v. State, 69 Tex. Cr. R. 468, 154 S. W. 1010; Parker v. Schrimsher (Tex. Civ. App.) 172 S. W. 165; Campbell v. Campbell (Tex. Civ. App.) 215 S. W. 134; Cooper & Jones v. Hall (Tex. Civ. App.) 168 S. W. 465.

█ The other issue to be determined is in reference to the admission of the letters. These letters were offered by appellee to rebut the evidence of appellant, to the effect that the 1883 deed, though in form a conveyance by warranty deed, was in fact no such a conveyance, and that the consideration mentioned in the deed was not paid to the grantees. This consideration was $1,250 in cash and the transfer by deed to Mrs. Wright of 160 acres of Marion county land. The letters, all except one, of date March 1, 1883, were signed only by J. W. Wright, husband of Mrs. Wright. This other letter was in part in Mr. Wright's handwriting and in part in the handwriting of Mrs. Wright, but was signed only by Mrs. Wright. These letters began the negotiations that were finally consummated by the execution by Mrs. Wright and her husband of the deed of 1883. The first letter is dated January 19, 1883; the last letter March 29, 1883, and a postal card of date April 11, 1883. The execution of these letters by the parties who signed them was clearly proven. These letters represent negotiations on the part of Mr. Wright, purporting to act for Mrs. Wright, for the sale of Mrs. Wright's interest in the property in controversy, and some of them, including the one signed by Mrs. Wright, submitted to the grantees the very terms on which the deed shows the sale was consummated. The objection to the admission of this evidence is that the agency of Mr. Wright to act for his wife in this matter was not proven, and that any statement he made in the absence of proof of such agency would not be binding on her. We think the agency of Mr. Wright is established by the portion of the letter written by Mrs. Wright, and by the fact that she joined in the execution of the deed reciting the very consideration named by her husband as the terms upon

which she would sell her interest. This assignment of error is overruled.

The other assignments of error have been carefully examined, with the result that we find no merit in them. It is our opinion that the case should be affirmed, and it is so ordered.

Affirmed.