BILL MEADOW ALIAS SLIM MEADOW v. THE STATE.

No. 14318. Delivered June 17, 1931.
Rehearing Denied October 21, 1931.

The opinion states the case.

*Brooks & Christopher,* of Lamesa, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Offense, theft of chickens; punishment, two years in the penitentiary.

The accomplice, Jack Fancher, testified substantially to the effect that he spent the night of August 28, 1930, with appellant and that on the next day, the two of them, in appellant's Chevrolet coupe, which appellant was driving, went out to S. B. Brandenburg's, near the Wilson school, for the purpose of stealing some chickens. He testified further that arriving there, they looked around to see if anyone was at home and not seeing anyone, they went out to the chicken house, where they stole around thirty or thirty-five white leghorn chickens, which they put in the turtle shell of appellant's car, and started to town, leaving the turtle shell raised. He testified that they met Granville Wyatt, the deputy sheriff, but did not stop, but that the deputy sheriff arrested them and put them in jail. He further testified that he and appellant had an understanding as to dividing the money to be derived from the chickens, he getting one-third and appellant two-thirds, and that they were going to take the chickens to Hobbs, New Mexico, and sell them.

The witness, S. B. Brandenburg, testified that during the day of August 29, 1930, between one and three-thirty o'clock, while he and his wife were away from home, he lost thirty-one white leghorn chickens, thirty of which he recovered the next day, after having located them on the evening of the theft at the Titman Produce house, and that these chickens were taken without his knowledge or consent. He testified that his chickens were easy to identify and that he had some of them marked and that the first one he pulled out of the coop was marked, having its tail picked and some red paint on it, which his wife had put there, and had some other chickens painted. He further testified that the deputy sheriff, Granville Wyatt, was with him when he found the chickens, that he took him around where the chickens were.

The wife of the said Brandenburg also identified the chickens as being the ones taken from him by the marks that were on them.

The deputy sheriff, Granville Wyatt, testified in substance that he met the appellant and the witness Jack Fancher in a Chevrolet coupe, which appellant was driving, about two miles out on the Stanton road, and that they were going towards Lamesa. He testified that when he met them, he stopped, but did not see any chickens until he turned around and caught up with them and that the chickens were in the back end of the car in the turtle shell, which was raised up, and that he saw them

before he went up to the car. He testified that he had had a conversation with the witness S. B. Brandenburg and at the time he met the appellant, he was looking for him, and that he arrested appellant and the witness Fancher. The witness further testified that he placed the chickens in a coop that he had borrowed from a produce man and that he went to this coop with S. B. Brandenburg, who identified them and took charge of them, and that these were the same chickens that he had taken from appellant's car.

The appellant did not testify nor offer any affirmative defense.

Bill of exception No. 1 relates to the refusal of the trial court to grant appellant's motion to change the venue in the case. Upon the hearing of said motion the facts were fully developed and a number of witnesses testified that appellant would receive a fair and impartial trial in Dawson county. The testimony on said hearing was ample and sufficient to authorize the trial court to overrule the motion. We do not believe that any abuse of discretion upon the part of the trial court is shown. Unless it is clear that the trial court has abused or arbitrarily exercised his judicial discretion, his action in refusing a change of venue will be sustained on appeal. Branch's Ann. P. C., sec. 299; Barnett v. State, 76 Texas Crim. Rep., 555, 176 S. W., 580; Evans v. State, 110 Texas Crim. Rep., 560, 9 S. W. (2d) 360. See also Minor v. State, 108 Texas Crim. Rep., 1, 299 S. W., 422.

Bill of exception No. 2 complains of the trial court's action in permitting the deputy sheriff, who it was claimed searched the appellant's automobile and found therein the stolen chickens, to testify relative thereto, it being claimed that the search was without a warrant and was not made upon probable cause. The trial court qualified said bill to the effect that the witness, Granville Wyatt, did not in fact testify that he made any search of appellant's car, but on the contrary his entire evidence showed that there was no necessity for any search and none made, and it was only when appellant's counsel had put the direct question, "Did you have a search warrant before you searched the car," that he answered, "I did not have a search warrant". The qualification further shows that the deputy sheriff was looking for the defendant and that when he met the defendant, he was traveling in a car and that he immediately began turning his car after the defendant had passed him and plainly saw the chickens in the rear of defendant's car, the lid covering the turtle back of which being partly propped up and the chickens having their heads in plain view, and further that the only other testimony of the witness relative to the chickens was that upon reaching town he put them in a coop at a produce dealer's, there being no testimony as to a search of defendant's car.

This bill as qualified by the judge presents no error.

The evidence is sufficient to support the verdict.

Finding no error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.