### A. L. KNOWLES V. THE STATE.

No. 16694. Delivered April 18, 1934.
Rehearing Denied May 9, 1934.

The opinion states the case.

*C. R. Newland,* of Linden, for appellant.

Lloyd W. Davidson, State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for misapplication of the funds of a bank; punishment, three years in the penitentiary.

Appellant entered his plea of guilty. No statement of facts appears. All matters of procedure are regular, save that in entering sentence the court took no note of the indeterminate sentence law. The lowest penalty for the offense charged is two years. The sentence directed appellant's confinement in the penitentiary for not less than three nor more than three years. The sentence will be reformed so as to direct appellant's confinement in the penitentiary for not less than two nor more than three years. With this correction, the judgment will be affirmed.

*Reformed and, as reformed, affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—It was charged in the indictment that A. L. Knowles, while cashier of the Bloomburg State Bank, received as cashier and for the benefit of said bank the sum of $100.00 from Louis K. Dickson, which was owing to said bank; that appellant wilfully misapplied the money and credited it to the account of Endsley & Oliver, which was one' of the accounts carried by said bank.

Appellant entered a plea of guilty, but in his motion for rehearing he contends that the judgment of conviction is unauthorized by law for the reason that the indictment is under the statute charging the offense of embezzlement and that the penalty against him is not in conformity with such statute.

Article 544, P. C., 1925, reads as follows:

"Every president, cashier, director, teller, clerk, or agent of any State bank or bank and trust company incorporated under the laws of Texas, who embezzles, fraudulently abstracts or wilfully misapplies any of the moneys, funds or credits of such bank or bank and trust company, shall be confined in the penitentiary not less than five nor more than ten years. It shall not be necessary to allege in the indictment nor to prove on the trial that such embezzlement, abstraction or misapplication was without the consent of anyone. If the accused had the consent of anyone authorized to consent to his act, he may prove it."

By chapter 133, acts of 40th Legislature, Regular Session, article 544, supra, was amended, the amendment reading as follows:

"Amended by substituting 'two' for 'five' in the clause 'shall

be confined in the penitentiary not less than five nor more than ten years'."

See Vernon's Ann. Texas P. C., 1925, vol. 1, art. 544, and 1933 supplement, p. 50; also Evans v. State, 110 Texas Crim. Rep., 560.

Apparently counsel for appellant overlooked the fact that the statute in question has been amended.

The motion for rehearing is overruled.

*Overruled.*