### J. O. JONES V. STATE.

No. 24308. March 23, 1949.
Rehearing Denied April 27, 1949.

*Wm. H. Crunk,* Greenville, for appellant.

*Ernest S. Goens,* State's Attorney, Austin, for the state.

KRUEGER, Judge.

Appellant was convicted of the offense of an aggravated assault and his punishment was assessed at a fine of Two Hundred Fifty Dollars.

The record reflects that appellant and the injured party were brother and sister; that their father died testate, leaving all of his property to his wife who was the mother of appellant and the injured party. It further appears from the record that a few years prior to the commission of the alleged offense the mother conveyed to the daughter, the injured party, a certain tract of land including 4 3/4 acres of meadow land, lying adjacent to a 25-acre tract of meadow land belonging to the estate of their deceased father. Sometime in October, 1947, appellant met his mother and one of his brothers in the town of Cooper at which time, according to the testimony of appellant and his brother, the mother and appellant entered into an agreement to the effect that appellant was to cut the hay from the land in question and pay her one-third of whatever he harvested after the first cutting since the first cutting would be rather foul inasmuch as it had not been cut for a number of years. The mother denied that such an agreement was made.

It seems that appellant had no actual knowledge that his mother had conveyed any land to his sister, Mrs. Young, he being under the impression that the land belonged to his mother; that by virtue of his claimed agreement with his mother he cut the hay the first time in June and cut it the second time the first part of August, and raked it into shocks. On the afternoon of August 6th, Mrs. Young, appellant's sister, accompanied by her mother, came to where appellant was at work baling the hay and she immediately began to set the shocks of hay on fire. Appellant picked up part of a pitchfork handle and went to where she was engaged in burning the hay. He requested her to desist, but she failed to heed his request, whereupon he struck her with the pitchfork handle, knocking her down and inflicting rather severe injuries upon her. Upon his trial he claimed that he acted not only to prevent the destruction of his property but also in self-defense since she struck at him with a large handbag, the contents of which he had no knowledge.

In his charge, the court instructed the jury on the law of aggravated assault, on self-defense; and, at the request of appellant, gave his requested charge on the law relative to the protection of his property.

Appellant brings forward seven complaints, each by a separate bill of exception. His first complaint relates to the court's

action in overruling his motion to quash the jury panel on the ground that the jury commissioners, who were appointed by the court at a previous term, were not from different portions of the county; that all three were selected from Justice Precinct No. 1. This motion is not sworn to by anyone. Art. 608, Vernon's Ann. C. C. P. provides that either party may challenge the array only on the ground that the officer summoning has wilfully summoned jurors with a view to securing a conviction or an acquittal. All such challenges must be in writing setting forth distinctly the grounds of such challenge. When made by defendant, it must be supported by his affidavit or the affidavit of any credible person. It further provides that this article does not apply when the jurors summoned have been selected by jury commissioners.

In the instant case, the motion to quash is not supported by the affidavit of anyone as required by the statute. See Evans v. State, 110 Tex. Cr. R. 560 (565) (9 S. W. 2d 360), on motion for rehearing. Moreover, the jurors in this case were selected from a panel drawn by the jury commissioners at a previous term of court. Appellant does not claim or contend that the jury commissioners acted corruptly in the performance of their duties, nor that they failed to select fair and impartial jurors. The only contention which he makes is that the jury commissioners were not selected by the court from different sections of the county, as provided by Sec. 3, Art. 2104, R. C. S. We think this provision of the statute is directory and not mandatory. We therefore overrule his contention. In support of the opinion here expressed, we refer to the case of Harris v. State, 123 Tex. Cr. R. 161 (58 S. W. 2d 513).

Appellant in due time addressed quite a number of objections to the court's charge which we do not deem necessary to discuss since this is a misdemeanor case, and he was not only required to object to the charge but also prepare and request a proper charge on the subject.

Bill of Exception No. 2 reflects the following occurrence: While Mrs. Young, the injured party, was being cross-examined by appellant's attorney she was asked, "If it wasn't a fact that the deed from her mother conveying the 4 3/4 acre meadow in question was made and delivered to her less than a year after the death of the father and which deed she deliberately kept off the record for more than two years intending to keep it a secret so that her brother would not know anything about it?" The state objected to the question and the answer expected. The

court seems to have sustained the objection. This bill is qualified by the court to the effect that after the objection was sustained the state withdrew its objection and the deed was introduced together with the file data thereon. We see no error reflected by the bill.

In our opinion, Bill of Exception No. 4 is without merit. We fail to see how the suit by the injured party against appellant for the value of the first cutting of the hay which he took from the meadow several months prior to the assault would have proved or disproved any issue in the case.

Appellant, by Bills of Exceptions Nos. 5, 6, and 7, merely complains of the action of the trial court in overruling his objections to certain paragraphs of the court's charge without submitting any special requested charges on the law relative to such phase of the case. The mere objection to the court's charge was not sufficient. Since this was a misdemeanor case, he was also required to present a correct charge. See Loyd v. State, 19 Tex. App. 321.

Appellant next complains because the court, in his charge on self-defense, failed to instruct the jury that they may take into consideration the relative size and strength of the parties in determining whether or not defendant exceeded the use of reasonable force. Appellant, in due time, objected to the charge on that ground and presented a special charge on the law of self-defense which embraced that phase of the case, but the court declined to submit the same to the jury, to which action of the court he in due time excepted. The record shows that there was evidence introduced to the effect that the appellant weighed 127 to 130 lbs. and was afflicted with tuberculosis, while the injured party weighed 145 to 150 lbs. and was in good health.

We are of the opinion that since the court gave an adequate charge on his right of self-defense against any kind or character of an attack, it was not necessary to specifically point out certain evidence and instruct the jury that they may take the same into consideration. Had the jury believed his defensive theory, they no doubt would have acquitted him under the charge of the court. It may, in some instances, be proper to give such a charge where it is shown that the combatants were clinched in a struggle and the smaller or weaker person resorts to the use of a weapon to defend himself, but such a charge would hardly be required where both parties immediately resort to

weapons. See Sanchez v. State, 67 Tex. Cr. R. 453 (149 S. W. 124).

Finding no reversible error in the record, the judgment of the trial court is affirmed.

Opinion approved by the Court.

### ON MOTION FOR REHEARING.

DAVIDSON, Judge.

In his motion for a rehearing, appellant claims that we misconstrued his Bill of Exception No. 2. We have again reviewed the Bill, together with the court's qualification thereof, and remain of the opinion that the same was properly construed and disposed of on original submission.

His second contention is equally without merit. The question there presented was fully discussed by us, and we think the same was also correctly disposed of on original submission.

The motion for rehearing is overruled.

Opinion approved by the Court.