## FRANK H. LAIR v. STATE

No. 31,646. March 23, 1960

*Richard D. Bird*, Childress, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for driving while intoxicated; the punishment 3 days in jail and a fine of $100.

The evidence was undisputed that on the night in question the appellant was stopped and arrested by Deputy Sheriff Hollis Wilson while driving his Ford truck upon a public highway in Childress County. Deputy Wilson testified that he stopped the appellant after he observed his truck being driven in the parking lane of the highway; that he found a fifth whisky bottle in the truck three-fourths empty and that after appellant got out of the truck he was unsteady on his feet. The officer expressed his opinion that appellant was at such time intoxicated. James Hicks, a Texas Liquor Board Inspector, who was with the deputy sheriff on the night in question, testified that he observed the appellant and in describing his appearance testified that his speech was "incoherent" his "eyes were blood-shot" and that "he smelled of alcohol" and expressed his opinion that appellant was at such time intoxicated. Sheriff Gaylon Smith testified that he observed appellant when he was brought to his office on the night in question and based upon his observations expressed his opinion that appellant was at that time intoxicated.

Appellant, testifying in his own behalf, admitted driving the truck on the night in question and having taken one drink from the whisky bottle found in his truck but denied being intoxicated.

The jury chose to accept the testimony of the state's witnesses and reject that of the appellant and we find the evidence sufficient to support its verdict.

Appellant predicates his appeal upon five formal bills of exception.

Notice of appeal was given and the bills were filed after the effective date of the recent amendment of Art. 760d, V.A.C.C.P.

By Bill No. 1, appellant complains of the court's action in refusing his request to have the names of the jurors drawn from a box as provided by Arts. 627 and 628, V.A.C.C.P. The bill was filed with the clerk within 90 days after the date appellant gave notice of appeal. No action was taken by the court on the bill within 100 days after notice of appeal was given and under the statute the bill must be considered as approved by the court. Wortham v. State, No, 31,529, Opinion delivered March 9, 1960, (Page 164, this volume) 333 S.W.

2d 158. The action of the court in attempting to refuse the bill after the expiration of 100 days from the date of notice of appeal was given came too late to constitute a refusal of the bill under the statute. While the bill certifies that the court denied appellant's request to have the jurors drawn from a box as provided by statute, it does not show that by such action any objectionable juror or one who was not fair and impartial was forced upon the appellant. In absence of such a showing, no injury to appellant is shown and the bill does not present reversible error. Ellis v. State, 69 Tex. Cr. R. 468, 154 S.W. 1010.

Bills of exception Nos. 2 and 3 were by the court refused, with the court's reasons noted thereon, and returned to the clerk within 100 days from the date notice of appeal was given. The bills, not having been approved by the court, and the appellant not having agreed to the reasons assigned by the trial judge for refusing to approve the bills and not having noted such fact upon the bills of exception, they cannot be considered. Art. 760d, supra.

Bills of exception Nos. 4 and 5, which were by the court approved, present appellant's complaint to the court's action in sustaining the state's objection to certain questions propounded by appellant to Officers Hicks and Smith on their cross examination. Appellant's complaint is not properly presented for review because neither the bills nor the record show what the answers of the witnesses would have been. Mays v. State, 165 Tex. Cr. R. 123, 304 S.W. 2d 118.

The judgment is affirmed.

Opinion approved by the court.