PAT WALKER V. STATE

No. 33,736.   November 1, 1961

No attorney for appellant of record on appeal.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge.

This is a prosecution originating in the county court of San Jacinto County.   The offense is drunkenness in a public place, as defined in Article 477, V.A.P.C.; the punishment, a fine of $100.00.

Lewis Woodruff, Sheriff of San Jacinto County, testified that he found appellant asleep in his automobile in the bar ditch along U. S. Highway 190; that apparently the car had gone off the edge of a culvert while appellant was attempting to make a right turn off the highway; that he found an opened beer can that had turned over in the car and spilled its contents on the floorboard; and that there were two unopened cans of beer in the automobile. He stated that he had known appellant for 18 years and was familiar with his normal speech and walk; that on this occasion

appellant smelled of alcoholic beverages, spoke unusually loud, was very unsteady on his feet, and was, in his opinion, intoxicated.

Lee Walker testified that he was a constable in San Jacinto County; that he saw appellant asleep on the front seat of his automobile in the ditch on the highway; that he saw Sheriff Woodruff throw one beer can out of appellant's car and take two unopened cans from the car; that he had known appellant for 30 years; that appellant was talking loudly and was, in his opinion, intoxicated.

Appellant did not testify or offer any evidence in his own behalf.

Two questions are presented for review.

Appellant advances several grounds on which he alleges that the jury was illegally impaneled and contends that the trial court erred in overruling his motion to quash the jury panel.

Articles 641 and 608, V.A.C.C.P., provide that either party may challenge the array only on the ground that the officer summoning has wilfully summoned jurors with a view to securing a conviction or an acquittal; all such challenges must be in writing and, when made by the defendant, must be supported by his affidavit or the affidavit of any credible person; and these articles are not applicable when the jurors have been selected by jury commissioners.

In this case, the motion to quash is not sworn to by appellant or any credible person; the jurors were selected by jury commissioners and appellant does not contend that the commissioners acted corruptly, thus no error is shown. Aaron v. State, 161 Tex. Cr. Rep. 156, 275 S.W. 2d 693, and Jones v. State, 219 S.W. 2d 463.

Appellant next contends that the evidence is insufficient to sustain a conviction under Article 477, V.A.P.C., in that the evidence shows that he was not in a public place.

This Court has held that public streets and highways are public places under Article 477, V.A.P.C., Byrom v. State, 126 Tex Cr. Rep. 640, 73 S.W. 2d 854, and Jones v. State, 60 Tex.

Cr. Rep. 56, 130 S.W. 1001, and we find the evidence sufficient to sustain the conviction in this case.

No reversible error appearing, the judgment is affirmed.