Ernest FONTENOT, Appellant,

v.

The STATE of Texas, Appellee.

No. 36382.

Court of Criminal Appeals of Texas.

May 6, 1964.

Rehearing Denied June 10, 1964.

Charles William Tessmer, Dallas (on appeal only), for appellant.

Henry Wade, Dist. Atty., Don Nicholson, Edwin Davis, A. D. Jim Bowie, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

In view of our disposition of the case, a recitation of the facts will not be deemed necessary. Our prior opinions are withdrawn and the following is substituted in lieu thereof. The offense is possession of marijuana; the punishment, ten years confinement in the state penitentiary.

Appellant's bill of exception No. 2. in the first paragraph states exactly and in unequivocal terms the action of the court about which appellant complains. We quote therefrom:

> "This Bill of Exception complains of the action of the Court, over objection and exception of Defendant, after completion of the jury list under the procedure of Articles 626, 627, and 628 VAC CP at the demand of the parties hereto, in permitting then, upon demand by the State's counsel, a second shuffle, not authorized by law."

This complaint is, we think, meritorious and should have been granted. Appellant was here objecting to the action of the trial court in allowing the state a second shuffle, not authorized by statute. This objection is. brought forward in this bill of exception, certified to by the trial court as correct, approved and ordered filed by the trial court. The bill reflects that the trial court contravened the statute by his action. In this. state of the record the bill reflects error regardless of the course of action pursued subsequently by appellant; that is, whether

or not appellant moved to quash the panel in writing or orally. Error was committed calling for a reversal for the reason that the trial court refused to have the jurors names drawn in the manner required under Arts. 626, 627 and 628 of Vernon's Ann.C.C. P., even in the absence of a showing of injury to appellant.

In concluding that no injury need be shown in order to warrant a reversal, we make reference to Branch's 2nd Ed., Vol. 1, Sec. 543 where the following language is to be found:

"An infringement of the jury law will require a reversal without reference to whether injury to the defendant is shown. When the statute prescribes the method of procedure and compliance therewith is promptly and timely demanded, the trial court is not authorized to permit infringements of the jury law."

Citing many cases including Bell v. State, 92 Tex.Cr.R. 342, 243 S.W. 1095; Moore v. State, 132 Tex.Cr.R. 403, 105 S.W.2d 250; Smithwick v. State, 155 Tex.Cr.R. 292, 234 S.W.2d 237 and Adams v. State, 50 Tex. Cr.R. 586, 99 S.W. 1015 in which no motion to quash the jury panel appears to have been made. We also observe that in De Joyas v. State, 141 Tex.Cr.R. 520, 150 S.W. 2d 254, no mention of a motion to quash is made. Judge Morrison, in his dissenting opinion on original submission, referred to 35 Tex.Jur.2d, Sec. 95, p. 144, as follows:

"Some violations of the statutes are sufficient to cause a reversal without any specific showing that the appellant suffered injury. The right of trial by jury stands on a higher plane than expediency; and fair trial by jury means a jury selected according to the law regulating their selection and empanelment. The law has ordained a tribunal for the trial of criminal cases, and has provided the method of selecting a jury, and there is no authority to resort to any injury by the failure of

the court to follow the statutory method."

Lair v. State, 169 Tex.Cr.R. 220, 333 S.W.2d 389 and Howell v. State, 171 Tex.Cr. R. 545, 352 S.W.2d 110, were cited in our original opinion in this cause in support of the proposition that injury must be shown in appellant's bill before reversible error would be reflected. The Lair case cites Ellis v. State, 69 Tex.Cr.R. 468, 154 S.W. 1010, in support of this proposition and Howell cites Lair. It should be noted that Ellis had been expressly overruled in Bell v. State, 92 Tex.Cr.R. 342, 243 S.W. 1095 prior to its being cited in Lair. Thus we conclude that the Howell and Lair cases are in error in so far as they do not conform to the law herein stated.

We shall pretermit a discussion of appellant's complaint about improper jury argument for the reason that same will probably not occur upon another trial.

Accordingly, the appellant's motion for rehearing is granted, the order of affirmance is set aside, and the judgment is reversed and the cause remanded.

On Appellant's Motion for Rehearing

WOODLEY, Presiding Judge (dissenting).

Rule 223, Rules of Civil Procedure, formerly Art. 2138, R.C.S.1925, provides:

"In counties governed as to juries by the laws providing for interchangeable juries, the names of the jurors shall be placed upon the general panel in the order in which they are drawn from the wheel, and jurors shall be assigned for service from the top thereof, in the order in which they shall be needed, and jurors returned to the general panel after service in any of such courts shall be enrolled at the bottom of the list in the order of their respective return; provided, however, that the trial judge upon the demand of any party to any case reached for trial by jury, or of the

attorney for any such party, shall cause the names of all the members of the general panel available for service as jurors in such case to be placed in a receptacle and well shaken, and said trial judge shall draw therefrom the names of a sufficient number of jurors from which a jury may be selected to try such cause, and such names shall be transcribed in the order drawn on the jury list from which the jury is to be selected to try such case."

The jury panel from which the jury was selected to try the appellant was drawn from the members of the general panel upon demand of the state.

Appellant's trial counsel, according to the bill of exception, objected and moved to quash the new panel as illegally constituted because a jury panel had been drawn from said general panel upon demand of the defendant.

Art. 608, C.C.P. provides that a challenge to the array must be in writing setting forth distinctly the grounds of such challenge. No written challenge or motion is found in the transcript.

Art. 608, C.C.P. further provides: "when made by the defendant, it must be supported by his affidavit or the affidavit of any credible person. When such challenge is made, the judge shall hear evidence and decide without delay whether or not the challenge shall be sustained."

No affidavit appears to have been made or evidence offered in support of the challenge to the array of jurors.

Appellant's able counsel on appeal rely upon a bill of exception as a substitute for the required challenge to the array. This they cannot do. Arts. 608 and 641 C.C.P.; Evans v. State, 110 Tex.Cr.R. 560, 9 S.W. 2d 360; Carroll v. State, 104 Tex.Cr.R. 11, 282 S.W. 233; Barrera v. State, 165 Tex. Cr.R. 552, 309 S.W.2d 437; Walker v. State, 171 Tex.Cr.R. 379, 350 S.W.2d 561.

In Evans v. State, 110 Tex.Cr.R. 560, 9 S.W.2d 360, the defendant's bill of exception No. 13 complained that after the list of jurors for the week had been exhausted the sheriff summoned additional jurors, as instructed by the trial judge, from the north end of the county.

In the original opinion Judge Christian noted that the court had no authority to instruct the sheriff to select jurors from any particular section of the county but the bill was held insufficient to manifest prejudicial error.

The original record reveals that Evans' motion for rehearing took the position that appellant here takes; quoted the same section of Branch's Ann.Statutes (Sec. 523, page 270) (2d Ed. Vol. 1, Sec. 543) and insisted, as appellant insists, that the infringement of the jury law required reversal without reference to whether injury to the defendant was shown. The motion for rehearing directed attention to the defendant's challenge to the array of jurors which appeared in the transcript upon the same ground.

The opinion on rehearing, by Judge Lattimore, pointed out that the challenge to the array was not supported by affidavit of anyone, as required by Arts. 608 and 641, C.C.P., and this being true the court saw no error, aside from which the court said the matter was discussed and correctly decided on its merits in the original opinion.

The second motion for rehearing, again asserting that a reversal was required without reference to whether injury to the defendant was shown and citing numerous authorities, was overruled.

The reversal of this conviction upon the bill of exception without the appellant having complied with Arts. 608 and 641, C.C.P. and without any showing of injury or prejudice is contrary to the prior holdings of this Court and in direct conflict with Evans v. State, supra.

I respectfully dissent.