Cecil Roy **ELLSWORTH**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 42136.

Court of Criminal Appeals of Texas.

June 18, 1969.

Rehearing Denied Dec. 3, 1969.

---

John Preston Brashear, III, Dallas, court appointed on appeal, for appellant.

Henry Wade, Dist. Atty., Myron Garner, Russell Ormesher, Malcolm Dade, Camille Elliott and James P. Finstrom, Asst. Dist. Attys., Dallas and Jim Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for robbery with firearms; the punishment, twenty-five years.

The first and second grounds urged in appellant's brief are:

"It was error for the trial court to sustain prosecution objection to defense cross examination of complainant with regard to his prior statements concerning the basis of his identification of appellant."

"It was error for the trial court to sustain prosecution objection to defense cross examination of complainant with regard to his prior testimony concerning the line-up procedures and identification."

The examination of the transcript of the testimony reveals that the only exclusion by the trial court of any evidence on the trial was during the cross-examination of the assaulted party in the robbery.

The record does not reveal what the answers to the questions would have been, and thus, nothing is presented for review. Lair v. State, 169 Tex.Cr.R. 220, 333 S.W.2d 389; Johnson v. State, Tex.Cr.App., 379 S.W.2d 329.

The third ground is that, "It was error for the court to permit complainant to testify as to his line-up identification of appellant, when appellant had no counsel present."

In support of this ground of error the appellant contends that such line-up confrontation deprived him of due process of law.

The assaulted party, Tommy D. Montgomery, testified that while he was sitting on the driver's side of his automobile in front of the boarding house where he lived, listening to the radio about midnight, January 18, 1967, the appellant, unmasked, opened the right car door, exhibited a .22 caliber pistol and threatened to shoot him, and after two or three minutes shot toward him but missed him; and that the light came on when he opened the door and the appellant asked him to turn it off. The appellant got into the car, made Montgomery drive to another location, where he took $8 from him by placing him in fear of his life and bodily injury. Montgomery further testified that the appellant had lived at the same boarding house where he lived for about three weeks, that he was introduced to him, knew appellant's name, had one fifteen or twenty minute conversation with him and saw him occa-

sionally during the period of three weeks but had not seen him for two weeks before the robbery. The testimony of Montgomery further reveals that while the appellant was in the car "He (appellant) kept asking me (Montgomery), 'Don't I recognize you from somewhere?' And I (Montgomery) kept telling him I didn't know him because I was afraid he'd shoot me right there." According to Montgomery's testimony he next saw the appellant about 8:15 p. m., January 19, 1967, in a five-man line-up and the other men were about the same size and age of the appellant; that each man stated his name at the end of the line-up but he had identified the appellant before he gave his name. On cross-examination he testified that if he had previously stated that he identified the appellant after he spoke his name it was because he had misunderstood the question.

The appellant did not testify or offer any evidence in his behalf.

There were no objections during the trial by the appellant to any testimony introduced by the state. No motions were made to strike any of the state's testimony. The motion for new trial alleging only that the verdict was contrary to the law and evidence was overruled without the introduction of testimony.

There is nothing in the record to indicate that the line-up confrontation was suggestive or tainted. The assaulted party made a positive in-court identification of independent origin of the appellant as the robber.

 The absence of counsel at the line-up in light of the record and the totality of the circumstances surrounding it did not deny the appellant due process of law. Lucas v. State, 444 S.W.2d 638; Evans v. State, 444 S.W.2d 641.

The fourth ground urged is that, "It was error for the trial court to refuse to allow appellant the benefits of an examining trial as provided by law."

 There being no showing that any prejudice to appellant's rights resulted from the failure to accord him an examining trial, no error is presented.

The judgment is affirmed.