## No. 2501.

## HOUSTON & TEXAS CENTRAL RAILWAY COMPANY v. JOHN B. TERRELL.

1. PRACTICE—JUROR.—The Supreme Court will not consider, on exceptions, whether a juror whom the appellant was compelled to challenge peremptorily, was disqualified under the statute and should have been excused from sitting for cause, when the record fails to reveal that the appellant had exhausted his challenges before the jury was complete.

2. CHALLENGE OF JUROR —A juror whose wife's sister is the wife of a plaintiff to a suit at the time of trial, may, in an action by such plaintiff for the recovery of damages for personal injuries, be challenged for cause. The damages, when recovered, would be community property of the plaintiff and his wife, and she, though not a nominal party, would be substantially a party to the suit.

3. SAME—STATUTE CONSTRUED.—Construing articles 3089 and 3094, Revised Statutes, held: It is contemplated by the statutes that the challenge of jurors for cause should be made after their names are drawn by the clerk and the jury lists delivered to the parties, but this may be waived by counsel. If, before the delivery of the list, an exception be taken to the questions propounded to test the qualification of a juror, it can not be objected on appeal that the examination was conducted at an improper time, when no such objection was urged before.

4. SAME —In examining a juror on his voir dire, it is not improper to ask him if he knows anything about the facts of the case, or if he has made up his mind about the case. The examination need not be confined to the literal language of the statute, but may extend to an inquiry as to the bias or prejudice relating to the subject matter of the litigation as well as to that which may be felt toward the parties personally. A refusal to allow such examination touching the qualification of a juror affords cause for a reversal.

ERROR from Anderson. Tried below before the Hon. Benton Randolph.

This was a suit for damages resulting from personal injuries inflicted through the alleged negligence of appellant while appellee was a passenger on its road. The verdict was for the appellee for twenty-three thousand five hundred and seventy-five dollars. In view of the opinion, the facts in evidence are unimportant.

*O. T. Holt,* for plaintiff in error: That the relationship re-

ferred to in the opinion disqualified the juror, cited Revised Statutes, articles 430, 3012.

On the question of the disqualification of a juror for bias or prejudice, he cited Revised Statutes, article 3012.

Much of the brief of counsel for plaintiff in error and authorities, related to questions not discussed arising on the statement of facts, which was stricken out in the opinion, and is therefore not referred to.

*Hutcheson & Carrington,* for defendants in error: On the questions involved, having reference to the challenge of a juror, they cited Revised Statutes, articles 3012, 3074, 3089, 3092, 3095.

As to qualifications, Revised Statutes, article 3012.

As to challenge to array, Revised Statutes, article 3074.

As to challenge for cause, Revised Statutes, articles 3089, 3092.

As to immateriality, Burrell v. The State, 18 Texas, 713; Cotton v. The State, 32 Texas, 614; Willis v. Chambers, 8 Texas, 150; Chandler v. The State, 2 Texas, 308; San Antonio Street Railway Company v. Helm, 64 Texas, 149; Johnson v. The State, 27 Texas, 758.

GAINES, ASSOCIATE JUSTICE.  This suit was brought by appellee against appellant to recover damages for personal injuries, and resulted in a verdict and judgment for appellee.  What purported to be the statement of facts found in the record has been stricken out on motion and therefore many of the assignments of error can not be considered.  Before the jury were empaneled one of the jurors for the week answered upon his *voir dire* that he was a brother-in-law to plaintiff—"that they had married sisters."  He was challenged for cause and held to have been a competent juror by the court and this ruling is the ground of the first assignment of error.  The names of the jurors who sat upon the trial of the cause are shown in the judgment and his is not among them.  It does not appear by the bill of exceptions that defendant exhausted its challenges, and hence the action of the court, if erroneous, is not a ground for the reversal of the judgment.  (Johnson v. The State, 27 Texas, 758; Burrell v. The State, 18 Texas, 713.)  We do not pass upon the question whether the plaintiff and the juror were related by affinity or not.  The court held they were not.  Seemingly

upon good authority a contrary doctrine was expressly decided by the Supreme Court of New York. (Fort v. Morgan, 1 Hill, 654.) It is to be remarked further, that the damages recovered in the case are the community property of the plaintiff and his wife (Gallagher v. Bowie, 66 Texas, 265; Ezell v. Dodson, 60 Texas, 331), and that in such a case this court has decided that the wife, though not a nominal party, is substantially a party to the suit. (Brotherton v. Simpson, 62 Texas, 170.) If both the wives were living at the time of the trial (a fact not apparent from the bill of exceptions) the juror was certainly disqualified.

After the parties had announced ready for trial, counsel for defendant asked the jurors "if they knew anything about the facts of the case," and again, "if any of them had made up their minds about the case." These questions were severally objected to by the counsel for the plaintiff on the ground "that the statute allowed no such question," and the objection was sustained by the court. A bill of exceptions was taken to the ruling and it is also assigned as error. Before proceeding to pass upon the right of appellant to make these inquiries, it may be well to dispose of certain questions raised by counsel for appellee in their brief. They now insist that the questions were not propounded at the proper stage of the proceeding, and cite us to articles 3089 and 3094 of the Revised Statutes in support of their proposition. From these articles it evidently appears that it was contemplated that the challenges to the jurors for cause should be made after their names were drawn by the clerk and the lists delivered to the parties. But if the provision as to time be mandatory we do not perceive that it is a matter so essential or important that it could not be waived by the parties. If the objection had been that the questions were prematurely asked and the court had sustained the objection upon this ground, we might not hold that appellant could now complain. But the bill of exceptions shows that the only objection was that which has been previously stated, namely, "that the statute allowed no such question." It also appears that the judge signed the bill with this modification: "Given, with the statement, that the counsel for plaintiff objected to the question on the ground that the questions and causes for challenge, which were being inquired into, should be confined to those laid down in the statute, and I so ruled." If the objection had been that the examination of the jurors was not in order and this had been

sustained, counsel would in all probability have reserved his questions after the slips were handed him.   But having been re-fused the privilege of asking them, on a ground that would have rendered them improper at any time, we do not see what good could have been accomplished by another attempt at an-other time.   The plaintiff having interposed one ground of ob-jection in the court below can not set up another here.   He must be held to have waived his right to claim that the exami-nation of the jurors was attempted at an improper time.   As a matter of substantial justice it made no difference whether the jurors were interrogated before or after their names were drawn by the clerk.

The question then recurs, did the defendant have the right to demand that the jurors should answer the questions propounded? We think he had the right.   In the first place, it was entitled to six peremptory challenges; and, if for no other reason, counsel should have been allowed to ask the questions in order that he might judiciously exercise this right.   It must frequently occur that neither the party nor his counsel knows the jurors, and has no means of ascertaining their antecedents, surroundings and feelings, except by an examination on their *voir dire.*   The doctrine that an examination should be allowed, in order to the intelligent exercise of the right of challenge, is pointedly held by the Supreme Court of Missouri in the case of The State v. Mann, 83 Missouri, 589, in an opinion well supported by the au-thorities which are there discussed.

But the further question is presented, did the appellant have no higher right?   Was he entitled to ask the jurors these ques-tions with a view to challenge them for cause?   Among the disqualifications of jurors "a bias or prejudice in favor of or against either of the parties" is mentioned; but a previously formed opinion upon the subject matter of the controversy is not expressly stated as a ground of incompetency.   We are therefore to inquire whether the bias or prejudice is confined to the feelings of the jurors towards the parties personally, or whether it extends as well to the subject matter of the litiga-tion.   A similar question was presented to the Commissioners of Appeals in the case of The Texas Mutual Life Insurance Company v. Brown, decided at Galveston in 1880, and it was there held that the examination should not be confined to the literal language of the statute.   In the opinion Judge Quinan, after quoting the statute, says:   "To give this a literal construc-

tion, it would appear to mean a personal prejudice against or favor towards the parties as individuals; but, in view of the controling purpose of our laws that the trial by jury shall be pure and impartial, we think that construction would be too narrow. A prejudgment of his case, a conviction formed upon the subject of contention, might be quite as potent to deprive the party of the benefit of a fair trial as a merely personal prejudice against him. We think the question should have been permitted." The reasoning of the learned judge is sound and the decision upon this point meets our unqualified approval. It is well supported by authority. (See Willis v. The State, 12 Georgia, 444; Pierce v. The State, 13 New Hampshire, 536; Hiatt v. Insurance Company, 2 Dill., 572, in note.)

We think also, that article 3080, shows beyond question, that there are other cases of challenge besides those specified in the articles. It reads, "a challenge for cause is an objection made to a particular juror. alleging some fact which under the provision of the first chapter of this title disqualifies him to serve as a juror in any case, or in that particular case, or which in the opinion of the court renders him an unfit person to sit on the jury." But because it does not appear that the appellant had exhausted its peremptory challanges, it is now insisted on behalf of appellee, that it was not prejudiced by the ruling of the court, and we are cited to Burrell v. The State, and Johnson v. The State, supra, in order to sustain the proposition. But this is a very different case. In the cases cited, there being an erroneous ruling as to but one juror, who was peremptorily challenged, and the peremptory challenges not having been exhausted, it was apparent no injury resulted to appellant. Here the right of examination upon the *voir dire* having been denied, it is a matter of conjecture how many of the jurors may have been disqualified. It was not within the power of appellant to inform the court whether it could have released itself of the obnoxious jurors by challenge or not, and we can not say it has not been prejudiced by the action of the court.

Such other questions raised by the record as can be considered in the absence of a statement of facts are not likely to be presented upon another trial and need not be determined.

For the error of the court which is pointed out in appellant's second assignment, the judgment is reversed and the cause re-remanded.    *Reversed and remanded.*

Opinion delivered February 10, 1888.