FRED ROSS V. TEXAS EMPLOYER'S INSURANCE ASSOCIATION

No. A-4424. Decided April 14, 1954.
Rehearing overruled May 19, 1954.
(267 S.W. 2d Series 541)

*Bob Huff, J. H. Splawn, Jr.,* and *Ted Odom,* all of Lubbock, for petitioner.

The Court of Civil Appeals erred in its holding that the trial court had erred in overruling the insurance company's motion for mistrial because of the alleged misconduct in permitting the communication between the judge and one of the jurors, because said movant had totally failed to show that it had suffered any harm as a result of said communication. Freeman v. Hillman, 173 S.W. 2d 657; Neely v. Wolley, 143 S.W. 2d 1015; City of Galveston v. Hill, 151 Texas 139, 246 S.W. 2d 860.

*Crenshaw, Dupree & Milam and Max Addison,* all of Lubbock, for respondent.

The misconduct of the court in permitting the communication complained of was such a violation of the rules as to constitute a harmful infringement of respondent's rights, and there was no error on the part of the Court of Civil Appeals in reversing the trial court's judgment and remanding the case. Texas Power & Light Co. v. Hering, 148 Texas 350, 224 S.W. 2d 191; Houston Elec. Co. v. McElroy, 139 Texas 170, 163 S.W. 2d 1062; Burkett v. Slauson, 150 Texas 69, 237 S.W. 2d 253.

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

This is a Workmen's Compensation case. In the trial court, on the verdict of a jury, petitioner was awarded judgment as for total disability for 19 weeks and permanent partial disability for 300 weeks. The trial court's judgment was reversed and the case remanded by the Court of Civil Appeals on the ground that there had been an improper communication between the trial judge and one of the jurors, and that, since the communication was in violation of Texas Rules of Civil Procedure Nos. 285 and 286, a reversal was required, regardless of whether injury resulted. 267 S.W. 2d 547.

The bill of exceptions recited that the communication occurred in the following manner:

"* * * after the charge of the Court had been read to the jury and immediately upon conclusion of the argument of counsel the

Court directed the jury to retire to consider of their verdict; that thereupon sole counsel for defendant who participated in the trial of this case, with the permission and consent of the Court, left the Courtroom to be gone about fifteen minutes. That during the absence of counsel for defendant from the Courtroom one of the jurors, Juror C. H. Craig, wrote a note to the Court reading:

" 'I have been di*gn*osed (by Dr. Dunn) as having the sam_ condition, would it be proper to mention it?'

"That thereupon the Court did not have the jury return in a body to the Courtroom, but the Court directed the Deputy Sheriff in charge of the jury to tell juror C. H. Craig 'no' and the Deputy Sheriff in charge of the jury did tell the juror 'no' in answer to his question. The Deputy Sheriff communicated the Court's instruction to juror C. H. Craig, out of the presence of the other jurors, and the said communication was not made in open court and was not given in writing."

■ Upon returning to the courtroom and being informed of the occurrence, respondent's attorney moved for a mistrial, which motion was overruled by the trial judge. That ruling was held to be reversible error by the Court of Civil Appeals.

Rule 285 provides that the jury may communicate with the trial judge through its foreman in open court, and Rule 286 provides that when the jury desires further instructions its shall appear in open court in a body, shall make a request in writing through its foreman and, if additional instructions are given, they shall be in writing. By their terms these rules are applicable only to communications between the judge and the jury as a body and not to communications between the judge and a single juror. This case does not fall strictly within the pattern outlined in these rules. The trial judge was confronted with an unusual situation. Delay might have resulted in jury misconduct and it might very well be that the judge's prompt action actually prevented misconduct by the jury. We can conceive of no other course of action by the judge which would have been preferable to that adopted by him.

But we need not pass on the question of whether that practice is approved in all cases, assuming that the communication violated the spirit or even the provisions of the rules, it does not follow that the trial court's judgment should have been reversed and a new trial ordered on that account, regardless of whether injury resulted therefrom. Rule 434 is very familiar to the bar, but it seems worthwhile to give emphasis to its importance by quoting it in part.

"* * * no judgment shall be reversed on appeal and a new trial ordered in any cause on the ground that the trial court has committed an error of law in the course of the trial, unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case, or was such as probably prevented the appellant from making a proper presentation of the case to the appellate court; * * *."

That same provision is repeated in Rule 503. While it is in substance the same as Court Rule 62a, which was in effect prior to the adoption of our Texas Rules of Practice and Procedure in Civil Actions, still it has been given a more liberal construction since the adoption of those rules. That is in keeping with the objective as well as the express language of the rules themselves. Rule No. 1 provides:

"The proper objectives of rules of civil procedure is (are) to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law. To the end that this objective may be attained with as great expedition and dispatch and at the least expense both to the litigants and to the state as may be practicable, these rules shall be given a liberal construction."

■ Rules 434 and 503 should be construed in connection with Rule 1 and all other applicable rules. Rule 327 reads as follows:

"Where the ground of the motion is misconduct of the jury * * * because of any communication made to the jury * * *, the court shall hear evidence thereof from the jury or others in open court, and may grant a new trial if such * * * communication made, be material, and if it reasonably appears from the evidence both on the hearing of the motion and the trial of the case and from the record as a whole that injury probably resulted to the complaining party."

The construction insisted upon by respondent would require a party seeking a new trial on the ground of a communication between a juror and counsel to show probability of harm, but would dispense with the necessity of such showing when the communication is between a judge and a juror. We find no basis for such distinction. There is not even a suggestion that the simple communication of the word "No" to the juror probably

operated to the prejudice of respondent. It is not perceived how it could have done so. That being true, we cannot concur in the holding that the judgment of the trial court should be reversed.

Many cases are cited and discussed in the briefs of the respective parties. We do not feel called upon to discuss those cases in an effort to harmonize them. Ample precedent for our holding that the trial court's judgment should not be reversed is afforded by Denbow v. Standard Accident Insurance Co., 143 Texas 455, 186 S.W. 2d 236; and Watson v. Texas Indemnity Insurance Co., 147 Texas 40, 210 S.W. 2d 989. We re-affirm the rule applied in those cases, and, in so far as other cases cited by respondent may not be in harmony with that rule, they must yield to those cases as authority.

■ Since we cannot agree with the holding of the Court of Civil Appeals that the case should be reversed on the ground upon which its decision is based, we look to the brief of the respondent, who was appellant in that court, to ascertain whether there is a ground upon which its judgment should be affirmed. Cox, Inc., v. Humble Oil & Refining Co., Comm. App., 16 S.W. 2d 285; Garcia v. Moncada 127 Texas 453, 94 S.W. 2d 123. In addition to the point sustained by the Court of Civil Appeals, the brief contains points respecting the refusal of the trial court to submit certain special issues requested by respondent. We agree with the holding of the Court of Civil Appeals that the evidence did not require the submission of the requested issues. They each inquired in different ways whether petitioner's incapacity in excess of eight weeks was not caused solely by arthritis, congenital conditions, or previous injuries, or by a combination of two of them. We agree with the holding that there was no evidence authorizing the submission of those issues. Neither respondent's medical witness nor petitioner's medical witness testified that petitioner's incapacity was due solely to congenital conditions or arthritis or to any combination thereof with previous injuries. In fact both witnesses testified that neither the hypertrophic spurring of petitioner's spine nor his arthritis resulted in any incapacity.

Another requested issue was but a negative submission of the same question which was submitted affirmatively in the court's main charge. It is not error for the court to refuse to submit an issue both affirmatively and negatively. Wright v. Traders & General Insurance Co., 132 Texas 172, 123 S.W. 2d 314.

The judgment of the Court of Civil Appeals is reversed and that of the trial court is affirmed.

Opinion delivered April 14, 1954.

Rehearing overruled May 19, 1954.