Carl E. RATLIFF, Appellant,

v.

Inez CLIFT et vir, Appellees.

No. 6756.

Court of Civil Appeals of Texas.

Amarillo.

March 24, 1958.

Rehearing Denied April 28, 1958.

Vickers & Vickers, Brown & Brown, Lubbock, for appellant.

Crenshaw, Dupree & Milam, Lubbock, for appellees.

PITTS, Chief Justice.

Appellant, Carl E. Ratliff, on October 16, 1956, filed suit in the nature of trespass to try title against his brothers and sisters, Frank Ratliff, Virgil Ratliff, Willie May McWhorter and husband, G. N. McWhorter, and Inez Clift and husband, W. T. Clift, seeking judgment for title and possession of an undivided ¼ interest in all minerals in and under Labor 21, League 43, Rains County School Land, Hockley County, Texas, and to remove cloud from title thereon by having all claims thereto made by any or all of the previously named adverse parties cancelled. Among other allegations, appellant pleaded in effect that he furnished the consideration and directed S. B. Dean and wife, the then owners of the mineral interest in and under Labor 21, to convey an undivided ½ interest of the minerals therein to Murl Ratliff, a single woman who was a sister to all of the principal parties to this suit, which was done on July 9, 1938, with an alleged oral agreement between himself and Murl Ratliff to the effect that she would hold only a life estate in said mineral interest and she would thereafter either deed the said mineral interest to Carl E. Ratliff effective at her death or bequeath the same to him in the execution of her will, and that she did thereafter on March 12, 1948, convey to him an undivided ¼ of the mineral rights in and under the said tract of land, but that she died on or about June 20, 1956, without making either provision on his behalf for the other ¼ undivided mineral interest which is in controversy here, and that he and the other principal parties to this suit were the only legal heirs surviving Murl Ratliff with Inez Clift claiming title to the said ¼ undivided mineral interest here in controversy as a beneficiary under the terms of a purported will executed by the deceased Murl Ratliff.

Appellant's said brothers and his sister, Willie May McWhorter, joined by her husband, G. N. McWhorter, filed an answer excepting to and denying appellant's allegations. Inez Clift and husband, W. T. Clift, filed a separate answer excepting to appellant's allegations followed by a plea of "not guilty", a general denial and the Statute of Limitations.

The following facts are conclusively revealed by the record before us: that on July 9, 1938, S. B. Dean and wife conveyed to Murl Ratliff, a single woman who never married, an undivided ½ interest in all minerals in and under Labor 21, League 43, Rains County School Land in Hockley County, Texas; that on November 14, 1947, Murl Ratliff joined J. W. Brown and

wife (then joint owners with Murl Ratliff) in the execution of a lease for a primary term of three months to Ernest E. Steele upon the said land in question for the purpose of exploring, drilling, mining and operating for oil and gas; that thereafter and prior to March 12, 1948, oil was discovered in paying quantities on the said land under the terms of the last aforesaid mentioned lease and has since been produced thereon and that Murl Ratliff had collected the mineral interest royalties and revenues from the ¼ undivided interest here involved until her death; that on March 12, 1948, Murl Ratliff conveyed for a consideration therein expressed to appellant, Carl E. Ratliff, an undivided ¼ mineral interest in and under the said land, leaving title vested in herself to the other ¼ undivided mineral interest here in controversy; that in 1954 R. F. Ratliff and wife, Willie L. Ratliff, the father and mother respectively of all of the principal parties to this suit, both died testate, leaving Murl Ratliff as the principal beneficiary under the terms of their wills, which caused a contest of their wills to be instituted in the County Court of Lubbock County by J. R. F. (Frank) Ratliff, L. V. (Virgil) Ratliff and Willie May McWhorter against Murl Ratliff (neither appellant herein, Carl E. Ratliff, nor appellees herein, Inez Clift and husband W. T. Clift, was a party to the will contest suit); that the will contest was tried in the County Court of Lubbock County in November, 1954, and was terminated by a settlement agreement in writing of date July 25, 1955, signed by all parties to the will contest suit and joined therein only in the settlement agreement by appellant herein, Carl E. Ratliff, and appellees herein, Inez Clift and husband, W. T. Clift, who were not parties to the will contest suit; that thereafter Murl Ratliff died testate on or about June 20, 1956, naming Inez Clift as the principal beneficiary in her will which was at the time of the trial of this action being contested in Lubbock County by appellant herein, Carl E. Ratliff, J. R. F. (Frank) Ratliff, L. V. (Virgil) Ratliff and Mrs. Willie May McWhorter, brothers and a sister to both the deceased, Murl Ratliff, and the named beneficiary, Inez Clift.

The case at bar was tried to a jury on January 31, 1957. After the evidence closed appellant presented his motion for a peremptory instruction, which motion was overruled by the trial court, which submitted the case to the jury upon five special issues with a verdict returned after due deliberation, finding in effect that (1) appellant, Carl E. Ratliff, did not furnish the consideration for the conveyance of the mineral interest in controversy to Murl Ratliff by S. B. Dean and wife; (2) that Murl Ratliff did not accept conveyance of the mineral interest in controversy here with the understanding that she was holding title to the same for appellant, Carl E. Ratliff; (3) that Murl Ratliff conveyed the other ¼ undivided mineral interest to appellant, Carl E. Ratliff, on March 12, 1948, with the understanding that the remaining ¼ undivided mineral interest here in controversy belonged to Murl Ratliff herself in fee simple; (4) that appellant, Carl E. Ratliff, had knowledge in the summer of 1949 that Murl Ratliff was claiming fee simple title to the ¼ undivided mineral interest here in controversy; and (5) that in the settlement between appellant, Carl E. Ratliff, and Murl Ratliff in July, 1955, appellant, Carl E. Ratliff, agreed that he had no interest in and to the ¼ undivided mineral interest here in controversy. Based upon the record and these jury findings, the trial court overruled appellant's motion for judgment non obstante veredicto and his motion to set aside the jury verdict and render judgment in his behalf, and proceeded to render judgment denying Frank Ratliff, Virgil Ratliff, and Willie May McWhorter and husband, G. N. McWhorter, any right, title or interest in the mineral interest here in controversy, further adjudged that Carl E. Ratliff take nothing by reason of his suit as against appellees, Inez Clift and husband, W. T. Clift, and declaring that Murl Ratliff owned in fee simple the mineral interest

here in controversy at the time of her death, from which judgment Carl E. Ratliff perfected an appeal but Frank Ratliff, Virgil Ratliff and Willie May McWhorter and husband, G. N. McWhorter, did not appeal from the trial court's judgment and are not before this Court.

■ Appellant presents numerous points of error but has grouped them into several groups or propositions charging in effect, first, that error was committed by the trial court in the refusal to sustain appellant's motion for a peremptory instruction or his motion for judgment non obstante veredicto or his motion to set aside the jury verdict because there was no legal or competent evidence of probative force to support any jury findings, which in effect is challenging the sufficiency of the evidence heard. The evidence is voluminous, showing oral testimony given by thirteen witnesses and a number of exhibits. All of the principal parties to the suit testified and several disinterested witnesses gave testimony. The material issues in the case were controverted. To test the sufficiency of conflicting evidence and to determine if it will support jury findings, we must give credence only to the evidence and circumstances favorable to such findings and disregard all evidence to the contrary, indulging every legitimate conclusion which tends to uphold the findings. Truelove v. Truelove, Tex.Civ.App., 266 S.W.2d 491, 494, (writ refused); Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97.

■ In addition to circumstances shown, there was positive testimony given by Hon. Robert H. Bean, a former practicing attorney who was Judge of the 140th District Court of Lubbock County at the time of the trial, on both direct and cross-examination, to the effect that at a former trial in another case being heard in November, 1954, between some of the same parties here involved, appellant herein, Carl E. Ratliff, testified in effect that the consideration paid for the mineral interest conveyed to Murl Ratliff by S. B. Dean

and wife was $700, which sum was furnished by Murl Ratliff herself. Judge Bean's testimony in this respect was corroborated in part by the testimony of appellant's witness, S. B. Dean, who gave testimony to the effect that $700 was "advanced" as a part of the consideration for the mineral deed on the Rains County School Land, a part of which interest is here in controversy. Hon. Robert H. Bean gave further testimony to the effect that he participated as an attorney in helping to perfect a property compromise agreement in writing between appellant herein, Carl E. Ratliff, and Murl Ratliff during her lifetime, on July 25, 1955, at which time Carl E. Ratliff made no claim of any interest in the mineral rights here in controversy and did not mention at any time any claims of interest by him in the said mineral rights here in controversy. Judge Bean also testified that at the time of the compromise property settlement between Carl E. Ratliff and Murl Ratliff, the feeling between them was apparently very bitter. That agreement in writing between the said parties is also in evidence before us and it reveals in effect that by agreement of the said two parties Murl Ratliff conveyed to Carl E. Ratliff two other separately described mineral interests located in Hockley County but not here involved. There was also testimony given, without objections, by the witness, Inez Clift, to the effect that in 1949 she heard appellant herein, Carl E. Ratliff, tell Murl Ratliff, "Well, you know you have a one-fourth of the Dean Lease, that's yours, and nobody can take it away from you." The jury had a right to believe all of this testimony so given and to give it probative force since the jurors were the exclusive judges of the credibility of the witnesses and of the weight to be given their testimony. There was other testimony given strongly corroborating that previously herein mentioned and some of it was given by other disinterested witnesses. Because of the evidence of probative force found in the record, the trial court was fully justified in overruling appellant's motions for per-

emptory instruction, for judgment non obstante veredicto and for setting aside the jury verdict and rendering judgment for appellant herein and in submitting the case to the jury.

■ Appellant further complains about the trial court overruling his objections and exceptions to the main charge given to the jury. An examination of the entire record reveals that the five special issues submitted by the trial court were controlling issues joined by the parties in their pleadings and raised by the controverted evidence heard, for which reasons we find no fault with the trial court's charge.

■ Appellant further charges error was committed by the trial court in admitting improper and prejudicial evidence over the objections of the appellant. The testimony of the first witness complained about was that given by Mrs. Rudolph Struve, a school teacher who taught school for several years with Murl Ratliff, but the witness was not related to any of the parties and was not a party to this suit. She testified in effect that while Murl Ratliff was a teacher by profession she had other income from mineral interest. She further testified to the effect that Murl Ratliff had told her on several occasions and as late as November, 1955, that the mineral interest she had was hers and that Carl E. Ratliff had no interest in such; that she, (Murl Ratliff) had deeded back to Carl E. Ratliff all of his interest in the minerals they once owned together and the remainder thereof was hers. The record reveals conclusively that record title to the mineral interest in controversey here was vested in Murl Ratliff from July 9, 1938, until her death on June 20, 1956, and that she collected the revenues and royalties from the mineral lease from the time production began early in 1948 until her death. Consequently, during that period of time Murl Ratliff held possession of the said mineral interest at the time the declarations testified to by Mrs. Struve were made. By reason of these facts, it has been held that such dec-

larations of ownership were admissible. Smith v. Burroughs, Tex.Civ.App., 34 S.W. 2d 364, 366; Sloan v. Sloan, Tex.Civ.App., 32 S.W.2d 513, 519; Highway Motor Freight Lines v. Slaughter, Tex.Civ.App., 84 S.W.2d 533, 536. Under these and other authorities therein cited, it is our opinion that the testimony of Mrs. Struve in question was admissible.

■ Appellant further complains about the testimony given by the disinterested witness, Thelma Burrow, of the same import as that given by Mrs. Struve, which testimony we believe was admissible for the reasons previously herein stated. In any event, the testimony in question given by both Mrs. Struve and Thelma Burrow is merely cumulative of the direct testimony of another witness given without objection being made to the effect that she heard Carl E. Ratliff tell Murl Ratliff in 1949 that she (Murl Ratliff) had ¼ of the Dean mineral lease, which was hers and nobody could take it away from her, as well as other testimony and circumstances corroborating the direct testimony referred to. Consequently if the testimony given by the witnesses, Mrs. Struve and Thelma Burrow, constituted error such was not a reversible error.

■ Appellant complains further about the testimony given by Hon. Robert H. Bean concerning the written settlement agreement between Carl E. Ratliff and Murl Ratliff of date July 25, 1955, which testimony has been previously herein set out and discussed. Appellant here charges that such testimony was not admissible because it grew out of conversations relating to a compromise settlement of a county court case involving the wills and estates of R. F. Ratliff and wife, Willie L. Ratliff, the deceased parents of the principal parties to this suit. But the record conclusively reveals that Carl E. Ratliff was not a party to that county court suit construing the wills of his parents and was not therefore a necessary party to the suit compromised but that he did voluntarily join the other

brothers and sisters in signing the compromise settlement agreement. The record further reveals conclusively that the settlement had between Carl E. Ratliff and Murl Ratliff, about which Judge Bean testified, involved property in no way connected with the estate of his parents but was entirely separate from their estate and concerned nobody other than Carl E. Ratliff himself and Murl Ratliff. Judge Bean did not give affirmative testimony about anything that was said or done on the occasion in question, but he there gave negative testimony to the effect that Carl E. Ratliff, at the time the settlement was being made between himself and Murl Ratliff, never made any claim to the mineral interest here involved nor said anything about claiming such. In any event, the compromise settlement being effectuated in county court was not a compromise of any claim here in issue but it was a compromise of a will contest to which the parties on this appeal, appellant Carl E. Ratliff and appellees Inez Clift and husband W. T. Clift, were not parties, and the testimony given by Judge Bean was about matters which occurred after the settlement agreement had been reached by the parties in the county court case. For the reasons stated it is our opinion that the rule sometimes invoked prohibiting the introduction of testimony relating to "law suit compromise endeavors" does not apply to the testimony given by Judge Bean. But, be that as it may, it is our opinion that, in any event, the pronouncements of the law shown in the following authorities refutes all claims made by appellant about the admission of the testimony in question. Leija v. American Automobile Ins. Co., Tex.Civ.App., 242 S.W.2d 814 (writ dismissed); Brannam v. Texas Employers' Ins. Ass'n, 151 Tex. 210, 248 S.W.2d 118; United Employers Casualty Co. v. Smith, Tex.Civ.App., 145 S.W. 2d 249 (writ refused); 20 Amer.Jur. 478, Sec. 566.

■ The burden was upon appellant to establish his alleged parol trust "by proof that is clear, satisfactory and convincing."

Elbert v. Waples-Platter Co., Tex.Civ.App., 156 S.W.2d 146, 152 and Grasty v. Wood, Tex.Civ.App., 230 S.W.2d 568, 572. In the last case cited the Court said in part:

"The courts are suspicious of resulting trusts of the purchase-money type and 'regard them as possible instruments for depriving a person of his property by fraud and perjury, and therefore require one who claims the benefit of such a trust to prove his case by "clear and convincing" evidence. * * * Practically it is probably extremely difficult for a resulting cestui of the purchase-money class to prove his case without some writing. * * *'. 2 Bogert, Trusts and Trustees, § 453, p. 1351."

■ In our opinion no reversible error has been shown, and both appellant and this Court are bound by the jury finding and the trial court's judgment, but assuming that the trial court may have committed error in the trial of this case, under the provisions of Rules 434 and 503, Texas Rules of Civil Procedure, the burden was then upon appellant to show that such error or errors complained of were prejudicial errors and to show from the record as a whole that such constituted a denial of the rights of appellant, such as was reasonably calculated to cause and probably did cause an improper rendition of judgment in the case. City of Galveston v. Hill, 151 Tex. 139, 246 S.W.2d 860; Ross v. Texas Employer's Ins. Ass'n, 153 Tex. 276, 267 S.W. 2d 541; Hassell v. Pruner, Tex.Civ.App., 286 S.W.2d 266. The record before us does not disclose any such a showing.

In any event, it is doubtful if appellant has fully met the requirements made of him as a result of his alleged cause of action under the authorities cited by making clear, satisfactory and convincing proof of his alleged claims. For all the reasons stated, appellant's points of error are all overruled and the judgment of the trial court is affirmed.