**Lonnie J. PRICE, Appellant,**

v.

**Walter CALLAHAN, Appellee.**

No. 13417.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 26, 1958.

Rehearing Denied Dec. 24, 1958.

G. Woodson Morris, Joe Burkett, San Antonio, for appellant.

Charles W. Barrow, Beckmann, Stanard, Wood, Barrow & Vance, San Antonio, for appellee.

POPE, Justice.

Lonnie J. Price, individually and as next friend for Lonnie J. Price, Jr., sued Walter Callahan for damages for personal injuries arising out of an automobile collision in San Antonio on August 10, 1956. The jury found that defendant failed to keep a proper lookout, which proximately caused the collision, but also. found that plaintiff, Lonnie J. Price, failed to keep a proper lookout, which was a proximate cause of the collision. The jury answered two damage issues which totaled only $97. Plaintiff raises three points of error. The first is that the court failed to accord him sufficient time to object to the charge; the second, that the court did not permit plaintiff to present his requested special issues before reading the charge to the jury; and the third, that the judge failed to disqualify himself from hearing the motion for new trial. There are no points which attack the charge of the court or the findings.

The first two points may be discussed together. At about 3:30 Friday afternoon, November 28, 1957, the parties rested. The record shows that the court then instructed the jury: "Remember the instructions of the court, and we will recess now until nine o'clock Monday morning." Counsel and court then discussed the charge. The court instructed counsel that a copy of the charge would be furnished them on Saturday morning. Defendant's counsel appeared on Saturday morning and picked up his copy and discussed the charge further with the court. Plaintiff's counsel failed to come, but sent his stenographer to court to pick up the charge, which she did about 10:15 on Saturday morning. Not until 10:30 Sunday night did plaintiff's counsel complete his objections to the charge and his requested special issues. At nine o'clock Monday morning all jurors were present in the box. Plaintiff and his wife were present, defendant and his wife were present, and counsel for defendant was present. Between eight and nine, defendant's counsel made several minor objections to the charge, which were granted. At 9:15, with everyone waiting, the stenographer for plaintiff's attorney again came to court. She announced that the lawyer would be there later. At 9:20, with both the bailiff and stenographer trying to locate the absent lawyer, the court commenced to read the charge. A few minutes after 9:30 plaintiff's counsel appeared bearing his objections and requested issues. The court completed reading the charge and plaintiff's counsel forthwith proceeded to argue the case to the jury. He did not ask for a delay, but did present the objections and requested special issues to the court, who marked them overruled, because they were presented after the charge was made. Counsel's only excuse for appearing late was that he understood that the court would convene at 9:30, but the statement of facts affirmatively shows that the court had told the jury to return by 9:00 a. m. 3 Am.Jur., Appeal & Error, § 603.

■ Plaintiff's points complain that Rule 272, Texas Rules of Civil Procedure, was violated because the court failed to give him reasonable time to examine the charge. Counsel knew, or should have known, that the jury would be in court on Monday at 9:00 a. m., and the only thing left for them to do was listen to arguments and deliberate. He knew or should have known, that a charge must be prepared in advance of that time. From mid-morning on Saturday he knew, or should have known, what the charge contained. From the time the case closed on Friday, he knew, or should have known, what issues he desired to request. Counsel had full and ample opportunity, more than the usual time allotted, to make known his objections and requests to the court. The court fully complied with Rule 272.

■ Plaintiff's other point is that the trial judge should have disqualified him-

self to pass upon a motion which asserted that the court had instructed the jury to conceal any misconduct. There is no point on this appeal which complains of misconduct of the jury nor that the jury concealed any misconduct. At the hearing on the motion for new trial it was shown that the court, at the beginning of the main trial, instructed the jurors not to discuss the case with anyone. Two jurors testified on the motion for new trial, and both denied that the court told them, after they were discharged, to conceal their deliberations or misconduct. The judge during the hearing on the motion for new trial stated into the record, that immediately after the jury returned its verdict, he received it and directed them to the clerk's office for their checks, and he went to his chambers. He stated that he did not then give the jury any further instructions of any kind. Because the judge denied that he had instructed jurors to conceal misconduct, and stated into the record what his conduct was after discharge, appellant argues that he became a witness in the case and should have disqualified himself.

The complaint is not that the judge was a witness to the merits of the case, it is that the judge was a witness to the court proceedings and his own conduct. A judge, properly functioning, is himself a witness to the whole court proceedings. As such he is often a witness to his own conduct. His rulings on objections to argument, the nature of communication between court and jury, the method of handling matters which occur during recess or while jurors are separated, concern not only the conduct of others, but often his own rulings and conduct in treating the problems. Rule 373, T.R.C.P., contemplates that the judge shall declare and be the arbiter of situations of which he is often a witness and an actual participant. Moore v. Long, Tex.Civ.App., 234 S.W.2d 936; Ross v. Texas Employers' Ins. Ass'n, 153 Tex. 276, 267 S.W.2d 541; City of Denton v. Chastain, Tex.Civ.App.,

156 S.W.2d 554. One who is dissatisfied with that procedure has his remedy in a bystander's bill. Rule 372(j), T.R.C.P.

The judgment is affirmed.