AETNA CASUALTY AND SURETY
COMPANY, Appellant,

v.

Charles W. STONE, Appellee.

No. 7234.

Court of Civil Appeals of Texas.

Texarkana.

Jan. 10, 1961.

Bailey & Williams, James A. Williams, Dallas, for appellant.

Fulmer, Fairchild & Badders, Nacogdoches, for appellee.

DAVIS, Justice.

Plaintiff-appellee sued the defendant-appellant in the District Court of Dallas County for total and permanent disability benefits under the Texas Workmen's Compensation Act. The case was tried to a jury, and upon a jury verdict, judgment was entered for the appellee for total and permanent disability benefits at the rate of $35 per week. Appellant has perfected its appeal and brings forward five points of error.

By point 1 appellant complains of the action of the trial court in refusing to submit its requested Special Issue No. 2, which reads as follows:

"Do you find from a preponderance of the evidence that the condition of the back of the plaintiff, Charles W. Stone, existing prior to November 1, 1957, was not the sole cause of his incapacity, if any, to labor, after May 1, 1958.

"Answer: 'It was the sole cause of his incapacity', or 'it was not the sole cause of his incapacity.'

"Answer: ———".

There is neither pleading nor proof that raises the issue as requested by the appellant. Rules 277 and 279, Texas Rules of Civil Procedure, and 41–b, Tex.Juris. 509, Sec. 413.

By his Special Issue No. 11 the trial court submitted the following Special Issue which was answered by the jury:

"Do you find from a preponderance of the evidence that the condition of the back of the plaintiff, Charles W. Stone, existing prior to November 1, 1957 was not the sole cause of his incapacity, if any, to labor?

"Answer: 'It was the sole cause of his incapacity' or 'It was not the sole cause of his incapacity.'

"Answer: 'It was not the sole cause of his incapacity.'"

The issue as submitted was correct. Texas General Indemnity Co. v. McNeill, Tex. Civ.App., 261 S.W.2d 378, no writ history; Ross v. Texas Employers' Ins. Ass'n, 153 Tex. 276, 267 S.W.2d 541. The point is overruled.

By its points 2, 3 and 4 the appellant complains of the action of the trial court in submitting certain issues to the jury because "there being no evidence, or no competent evidence, and in the alternative insufficient evidence to support a negative finding * * *." Actually these points are multifarious, but since appellant argues them along with his fifth point of error wherein he complains of the action of the trial court in admitting testimony of the appellee on the question of other employees working in the same class of employment, and does not argue them separately, they will be treated as considered. The appellant takes the position that the appellee could not testify that there was no other employee working in the same employment in Dallas County or an adjoining area as being in violation of the hear-say rule. It is well settled that such testimony is admissible as an exception to the hear-say rule. Southern Underwriters v. Boswell, Tex.Civ.App., 141 S.W.2d 442, affirmed 138 Tex. 255, 158 S.W.2d 280; Texas Employers' Ins. Ass'n v. Locke, Tex. Civ.App., 224 S.W.2d 755, writ refused, n. r. e.; American General Insurance Company v. Hightower, Tex.Civ.App., 279 S.W.2d 397, w. r., n. r. e.; and Federal Underwriters Exchange v. Arnold, Tex.Civ. App., 127 S.W.2d 972, error dismissed, judgment correct. Points 2, 3, 4 and 5 are overruled.

The judgment of the trial court is affirmed.