**M. A. MASON, Appellant,**

v.

**Annie May MASON, a Feme Sole, et al.,
Appellees.**

**No. 14102.**

Court of Civil Appeals of Texas.

Houston.

June 6, 1963.

C. Mann Gregg, Texas City, for appellant.

Sexton & Owens; Paul R. Owens, Orange, for appellees.

WERLEIN, Justice.

Appellant, M. A. Mason, brought this trespass-to-try title suit against appellees for title and possession of a $^{13}\!/_{24}$ths undivided interest in Lots 39 and 40 of Amburn Boat Basin Addition, a subdivision of a 100 acre tract out of the Thomas G. Weston Survey in Galveston County, Texas. Ap-

pellees filed a general denial and plea of not guilty. Appellant has appealed from the trial court's judgment decreeing an undivided ½ interest in and to said lots to Annie May Mason, surviving widow of John C. Mason, Sr., Deceased, and an undivided ½₂ interest therein to each of the six surviving children of said John C. Mason, Sr., deceased, including appellant.

In appellant's first and second Points, which are in the nature of general propositions of law, no error of the court is assigned. Upon consideration of the statement, argument and authorities under such Points, it seems that appellant is complaining that the court refused to permit him to introduce in evidence the sale contracts covering said lots (which would, he says, establish an equitable title in him) on the ground that he had not filed an abstract of title.

The court filed its findings of fact and conclusions of law, and additional findings on request of both appellant and appellees. Among other things, the court found in substance the following pertinent facts: that on July 19, 1949, appellant, M. A. Mason, and his father, J. C. Mason, Sr., now deceased, entered into a sale contract with V. C. Amburn to purchase said Lot 40, and on October 1, 1949 M. A. Mason and his father, J. C. Mason, Sr., entered into a sale contract with said Amburn to purchase said Lot No. 39; that M. A. Mason did not pay any part of the purchase price of either lot, and J. C. Mason, Sr., made all of the payments with his own funds; that on November 14, 1952 Amburn executed and delivered to J. C. Mason, Sr., a deed to said Lot 40, and on March 20, 1953 executed and delivered to said J. C. Mason, Sr., a deed to said Lot 39, both of which deeds were duly recorded in the Deed Records of Galveston County, Texas; that J. C. Mason, Sr., who died interstate August 31, 1957, was survived by his wife, Annie May Mason, and six children, including appellant. The court concluded that said lots were community property of J. C. Mason, Sr., and his wife, Annie May Mason, and that she was en-titled to an undivided ½ interest therein, and that each of said six children, including appellant, was entitled to a ½₂ undivided interest in said lots.

In its additional findings of fact, the court found that from August 20, 1949 through May 11, 1951 most of the receipts issued by V. C. Amburn for purchase money payments on said lots were made out to J. C. Mason, Sr. and M. A. Mason; that M. A. Mason performed some work and made some minor improvements on the property in question during the latter part of 1949 and early part of 1950, and during such period he also did some shrimping and oystering, using the oyster money on his car, and that J. C. Mason, Sr., sold the bait shrimp caught by himself and M. A. Mason and kept the small amount of money he so received; that the deed executed November 14, 1952 to Lot 40 was executed pursuant to the contract of sale dated July 19, 1949, and the deed executed March 20, 1953 to Lot 39 was pursuant to the contract of sale dated October 1, 1949; and that the defendants (appellees) on June 29, 1960 filed among the papers in this cause a demand upon appellant to file an abstract in writing of his claim of title (under Rule 791, R.C. P.), and that no abstract of title was ever filed by appellant pursuant to such demand, which appellees' attorney testified he mailed to appellant's attorneys but could not testify that it was sent by either registered or certified mail; that there is no pleading that appellant claimed equitable ownership of the lots in question and that the evidence is wholly insufficient to support a finding of equitable title in appellant; that appellant presented no evidence of common source of title with appellees, nor any evidence to connect his claimed title from the sovereignty of the soil; nor did he plead ownership of the property in question by reason of being an heir of the deceased John C. Mason, Sr.; that there is no pleading or evidence that John C. Mason, Sr., took title to the property in question as trustee of an equitable trust for the benefit of appellant, and that appellant's claim to

title is based upon a purported oral agreement between appellant and his deceased father without any corroborating evidence thereof, the only evidence of same being that of appellant, whose testimony taken as a whole and considered with his statements in prior judicial proceedings and in his deposition, is incredible and wholly insufficient to establish any equitable title in appellant.

The trial court made no findings with respect to the demand for filing an abstract of title and appellant's failure to do so, other than as hereinabove set out. Rule 791, Texas Rules of Civil Procedure, provides:

> "After answer filed, either party may, by notice in writing, duly served on the opposite party or his attorney of record, not less than ten days before the trial of the cause, demand an abstract in writing of the claim or title to the premises in question upon which he relies."

■ It is our view the evidence is insufficient to show that notice in writing demanding the filing of an abstract of appellant's claim or title was duly served on the opposite party or his attorney of record, since there is no evidence that it was personally served, nor is there any evidence that the same was sent to appellant or either of his attorneys by registered or certified mail, as provided by Rules 21a and 21b, T. R.C.P.; nor was it shown that such notice was actually received by any of such parties.

■ We are of the opinion, however, that appellant has failed to show harm, since the court permitted appellant to testify fully with respect to said sales contracts, and expressly found in its findings of fact that both of said contracts of sale were entered into by appellant and his father, J. C. Mason, Sr., with V. C. Amburn for the purchase of said lots as hereinabove set out. Rule 434, T.R.C.P. The court also found

that from August 20, 1949 through May 11, 1951 most of the receipts issued by V. C. Amburn for purchase money payments on said lots were made out to J. C. Mason, Sr., and M. A. Mason. The court further found however, that M. A. Mason did not pay any part of the purchase price of either lot and that J. C. Mason, Sr., made all of the payments with his own funds, and that the deed to Lot 40 and the deed to Lot 39 were executed and delivered by Amburn to J. C. Mason, Sr., respectively on November 14, 1952 and March 20, 1953 pursuant to said contracts of sale dated July 19, 1949 covering Lot 40, and October 1, 1949 covering Lot 39. We have read the statement of facts and find that the court's findings of fact are amply supported by the evidence.

■ Furthermore, appellant in making his bill of exceptions did not include such contracts of sale therein and the same are not contained in the record. For this reason it is impossible for this Court to determine whether the trial court erred in excluding such contracts of sale, especially since appellees objected to their admission in evidence on numerous grounds including appellant's failure to file an abstract of title, all of which objections were sustained.

■ We agree with appellant that an equitable title as distinguished from a mere equitable right may be recovered under the ordinary formal averments contained in a statutory action of trespass-to-try title without the necessity of specially pleading such equitable title. Southern Lumber Co. v. Kirby Lumber Corporation, Tex.Civ.App., 181 S.W.2d 859, ref. w. m.; Binford v. Snyder, Tex.Sup.1945, 144 Tex. 134, 189 S.W.2d 471, 474. In the instant case, however, the court found that the evidence is wholly insufficient to support a finding of an equitable title in appellant. Appellant testified that he never paid a nickel on the property, and the court so found. Appellant made no offer or tender to reimburse the heirs of J. C. Mason, Sr., any part of the purchase price of said lots. Southern Lum-

ber Co. v. Kirby Lumber Corporation, supra.

■ Where as in the instant case the consideration recited in a deed is not contractual, the parol evidence rule does not preclude engrafting a parol trust upon such deed in favor of a third party based upon a a prior agreement between the grantee and such third party. Jackson v. Hernandez, Tex.Sup.1955, 155 Tex. 249, 285 S.W.2d 184. In order to establish such parol trust, however, it is necessary to prove the facts giving rise thereto by clear, satisfactory and convincing evidence. East Line & R. R. R. Co. v. Garrett, 1879, 52 Tex. 133; Carl v. Settegast, Tex.Com.App.1922, 237 S.W. 238; Ratliff v. Clift, 1958, Tex.Civ. App., 312 S.W.2d 315, ref., n. r. e. In the present case there is ample evidence to support the trial court's finding that appellant's testimony with respect to the oral agreement with his father is incredible.

A reading of the statement of facts clearly shows that appellant made so many contradictory statements that his testimony is insufficient to establish a parol trust or any equitable title to the lots in question. It would serve no useful purpose to enumerate the numerous contradictions in appellant's testimony. The record shows that he made no payments whatever on the lots in question, and that the small amount of work he did between 1949 and 1951 was of little or no consequence. He did live in a tent on the property for a short period of time, which seemed to vary, according to his testimony, from eight months to two years. He then went to Guam. While he was gone his father built a house on the property. The trial court did not err in finding that appellant's evidence was insufficient to establish an equitable title in appellant to the lots.

Appellant's third Point assigns no error on the part of the court, and is without merit.

Judgment affirmed.