**SOUTHWESTERN PUBLIC SERVICE COMPANY, Appellant,**

v.

**Vernon L. MORRIS et al., Appellees.**

**No. 7353.**

Court of Civil Appeals of Texas.

Amarillo.

May 4, 1964.

Rehearing Denied June 8, 1964.

Stone & Stone, Amarillo, Lovell & Lyle, Dumas, for appellant.

McCown & Cobb, Dumas, for appellees.

CHAPMAN, Justice.

This is an appeal by Southwestern Public Service Company, a private electric power company, from a judgment based upon a jury verdict for Vernon L. Morris and wife, Lois Virginia Morris and Amicable Life Insurance Company for damages in a condemnation suit filed by the power company to condemn a 30-foot wide easement for an electric transmission line across the Morris property.

It is agreed by all parties that the first three points in the power company's appeal in this case are the same points of alleged error urged by the same appellant in Southwestern Public Service Company v. William

Clay Spurlock and Harvey Spurlock, No. 7340, and Southwestern Public Service Company v. Joyce Gilbert Spurlock and husband, Clay Spurlock, and Clay Spurlock, Administrator With Will Annexed of the Estate of Cline Gilbert, No. 7341, announced by our court on March 30, 1964, and which involves the same witness and the same type testimony. The case is reported in Tex.Civ.App., 378 S.W.2d 134, and we refer to that case for a proper disposition of the first three points in this case.

The fourth point urged is that error was committed by the court in refusing condemnor's request that the jury panel be drawn before the selection of the jury.

It is difficult for us to understand why a trial court would refuse such request. Rule 224 Vernon's Ann.Tex.Rules specifically provides that the clerk in a county such as the one in which this case was tried shall draw the names in the manner here requested. It was clearly error to refuse the request but under the record before us it is not such error as requires a reversal.

Long before the adoption of Texas Rules of Civil Procedure, effective September 1, 1941, [and specifically Rules 434 and 503], it was held that where the court failed to comply with the statutes that preceded Rule 224 the record should show that some injury may have been sustained by the party appealing in order to justify reversal. Galveston, H. & S. A. Ry. Co. v. Wessendorf, Tex.Civ.App., 39 S.W. 132.

Rule 434 provides in part as follows:

" * * * no judgment shall be reversed on appeal and a new trial ordered in any cause on the ground that the trial court has committed an error of law in the course of the trial, unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment

in the case, or was such as probably prevented the appellant from making a proper presentation of the case to the appellate court."

The court in the Wessendorf case just cited said:

"It was the duty of the court to have required a strict compliance with the statute, which requires that the names of the jury be written on separate slips of paper, and placed in a box, and mixed well, and then drawn from the box, and written down, as drawn, on the lists given to the parties. Rev.St. 1895, arts. 3217, 3218, 3224. It does not follow, however, that, because the statutory privilege demanded by appellant was refused, a reversal on that ground should be the inevitable result, but the record should show that some injury may have been sustained by appellant by reason of the action of the court."

In an early case by the Supreme Court of Texas, the action of the trial court was condemned because of refusal to have the jury chosen in strict compliance with the statute,[1] but it was not reversed for that reason, the court specifically stating it was reversing the case because of error in the charge.

We have carefully checked the record here and find no showing that appellant used all its peremptory challenges. In the absence of such showing we do not believe the record could be said to show injury to appellant in the refusal of the court to require compliance with Rule 224. Our Supreme Court has held that even though the trial court violates a rule of civil procedure in the trial, reversal is not shown in the absence of a showing that injury resulted. Ross v. Texas Employers' Ins. Ass'n, 153 Tex. 276, 267 S.W.2d 541.

In Houston & T. C. R. Co. v. Terrell, 69 Tex. 650, 7 S.W. 670 a brother-in-law of the plaintiff was challenged for cause and the trial court refused to disqualify him. On appeal the Supreme Court said: "It does not appear by the bill of exceptions that defendant exhausted its challenges, however, and the action of the court, if erroneous, is not a ground for the reversal of the judgment." Accordingly, the point is overruled.

■ In its last point appellant asserts error of the trial court in refusing to permit it to ask the jury panel: "Now bearing these things in mind which I have just related, do any of you have any preconceived notion as to the extent of the damages that Vernon Morris may have suffered as a result of this easement?"

The bill of exception brought forward shows that opposing counsel had asked the jury panel if they had any opinion and " * * * they said they had no opinion."

Additionally, the record shows the question was propounded to Mr. Bell and applied to him and the other jurors who served on another condemnation case by the same appellant. Again, there is no showing in the record that all the peremptory challenges were used or that any of the men who served on the other jury served in this case. The record only shows that A. E. Pronger and five other jurors served, naming none of the others. There is also no showing in the record that because of the court's ruling appellant was forced to take any obnoxious juror. The testimony is sufficient to support the judgment for the amount of damages awarded. Under the test of Rule 434 V.A.T.R. above quoted as applied to the record before us, we are of the opinion that the error, if any, complained about in this point was not reasonably calculated to cause, nor did it probably cause the rendition of an improper judgment

Accordingly, the judgment of the trial court is in all things affirmed.

1. Gulf, C. & S. F. Ry. Co. v. Keith, 74 Tex. 287, 11 S.W. 1117.