The STATE of Texas, Appellant,

v.

Clara HILTON et al., Appellees.

No. 4519.

Court of Civil Appeals of Texas.

Waco.

Aug. 4, 1966.

Rehearing Denied Aug. 25, 1966.

Waggoner Carr, Atty. Gen., Fred Spence, Jr., Austin, for appellant.

Frank McGregor, Waco, for appellees.

## OPINION

McDONALD, Chief Justice.

This is a condemnation case wherein the State of Texas condemned 19.82 acres of land out of a 66.44 acre tract owned by defendants. Trial to a jury resulted in a verdict of $7,928 for the land taken, and $6,993.75 damage to the remainder. The trial court rendered judgment on the verdict for defendants for $2921.75 ($14,921.-75 less $12,000 deposited by the State after award by the Commissioners).

Plaintiff appeals on 24 points, contending the trial court erred:

1) In denying plaintiff's motion to have the names of the jurors drawn after the parties announced ready, as provided by Rule 224 Texas Rules of Civil Procedure.

2) In refusing to allow the State's Attorney to make an opening Statement to the jury before proceeding with the State's evidence.

3) In denying the State the right to cross examine defendants' witness Beard, as to the market value he placed on the part taken as a Special Commissioner, after he testified on the witness stand at the trial that he placed $500 per acre value, on the part taken; and the Special Commissioners' award was $300 per acre on the part taken.

4) In allowing into evidence over the State's objection Article 6674w–1, Vernon's Ann.Tex.Civ.St.

5) In entering judgment on the issues since there is no evidence, or insufficient evidence, to sustain the jury's verdict; such verdict is against the weight and preponderance of the evidence; and is excessive.

■ We revert to plaintiff's first contention. After both parties announced ready, plaintiff's attorney made motion that the court have the names of each of the jurors placed in a container on separate pieces of paper, mixed, and drawn, as provided and required by Rule 224, TRCP. The trial court overruled such motion. Plaintiff has not shown that a drawing of the names would have placed same in such order that it would have not used its peremptory challenges as it did. Further, there is no showing that because of the court's action plaintiff was forced to take any obnoxious juror. The court erred in overruling plaintiff's motion, but under the record, such action was harmless. Rule 434 TRCP. Southwestern Public Service Co. v. Morris, Tex.Civ.App., 380 S.W.2d 648, (n. w. h.); Ross v. Texas Emp. Ins. Ass'n., Sup.Ct., 153 Tex. 276, 267 S.W.2d 541.

■ Plaintiff's second contention complains of the refusal of the trial court to permit the State's attorney to make an opening statement to the jury after the defendant rested and before proceeding with the State's evidence. The plaintiff was entitled under Rule 265 TRCP to make the opening statement, and the trial court's action in sustaining objection to same was error. The record reflects, however, that plaintiff read its pleading and made a statement to the jury prior to defendants' evidence. Under the record, the trial court's refusal to permit opening statement is harmless. Rule 434 TRCP.

■ Plaintiff's third contention complains of the trial court's action in denying the State the right to cross-examine defendants' witness Beard. Mr. Beard had served as a Special Commissioner in the case. The Commission placed a value of $300 per acre on the land taken. On trial, Mr. Beard testified the market value of the land taken to be $500. The State sought to cross-examine Mr. Beard with reference to the amount of the award, and the trial court sustained defendants' objection to such cross-examination. The witnesses Atkinson and Gardner testified the part taken had a value of $500 per acre; the witness Youngblood placed a value of $300 per acre on such land; and the jury found that it had a value of $400 per acre. While the court erred in not permitting the cross-examination of Mr. Beard, under the record we think the error harmless. Rule 434, TRCP; City of Dallas v. Holcomb, Tex.Civ.App., 381 S.W.2d 347, 352; Tex., 383 S.W.2d 585.

■ Plaintiff's fourth contention complains of the trial court allowing into evidence, over objection, Article 6674w–1 of our Statutes. The Statute involves the definition of control of access and the power of the Highway Commission to change access. The Statute was not admissible but could not have harmed plaintiff. Rule 434 TRCP.

■ Plaintiff's fifth contention complains there is no evidence, or insufficient evidence, to support the verdict; that such verdict is against the weight and preponderance of the evidence and is excessive. The jury found the value of the 19.82 acres of land taken to be $7,928, or

approximately $400 per acre; and found $6993.75 damage to the remainder of 47 acres, or approximately $150 per acre damage. The witnesses Atkinson and Gardner valued the land taken at $500 per acre; the witness Beard valued the land taken at $500 to $600 per acre; and the witness Youngblood valued the land taken at $300 per acre. The witness Atkinson valued the remainder at $500 per acre before the taking, and $150 to $350 after the taking; the witness Gardner valued the remainder at $500 before the taking, and $260 after the taking; witness Beard valued the remainder at $500 to $600 before, and $175 to $200 after the taking; and witness Youngblood valued the remainder at $300 before, and $300 after (except for $380 to rebuild a fence). The jury placed a value of $400 per acre on the remainder before the taking, and $250 per acre after the taking (making for $150 per acre damage).

■ A jury in matters of this kind may weigh, consider and accept the opinions as to value, or it may form its own opinion from the evidence and by utilizing its own experiences and matters of common knowledge. McCarthy v. City of Amarillo, Tex. Civ.App., 307 S.W.2d 595, (n. r. e.). Roberts v. State, Tex.Civ.App., 350 S.W.2d 388, (n. r. e.). State v. Dickson, Tex. Civ.App., 401 S.W.2d 361 (n. r. e.).

We think the evidence ample to sustain the verdict, and that such is not against the great weight and preponderance of the evidence, or excessive. We overrule the contention.

■ We have further carefully considered the matters complained of in plaintiff's contentions 1, 2, 3 and 4, and are of the opinion that the cumulative effect of same did not amount to such denial of the rights of plaintiff as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case. Rule 434 TRCP.

Affirmed.