Armando N. De LEON, Appellant,

v.

DR. PEPPER BOTTLING COMPANY OF CORPUS CHRISTI, Appellee.

No. 13–84–288–CV.

Court of Appeals of Texas, Corpus Christi.

April 11, 1985.

Rehearing Denied May 9, 1985.

Pedro P. Garcia, Corpus Christi, for appellant.

Roland Leon, Corpus Christi, for appellee.

Before KENNEDY, UTTER and BISSETT, JJ.[1]

## OPINION

KENNEDY, Justice.

This is a suit for the recovery of damages for personal injuries resulting from an automobile collision. Appellant sued appellee. Liability was admitted by appellee. Special issues were submitted to the jury on damages. Although the jury awarded appellant damages in the amount of $6,450.00, appellant seeks additional damages or, in the alternative, a new trial.

By his first and second points of error, appellant complains that certain damages not awarded were conclusively proved or that the failure of the jury to award the damages was against the great weight and preponderance of the evidence.

■ Appellant prepared a partial statement of facts, pursuant to TEX.R.CIV.P. 377(c); however, he did not include in his request a statement of the points to be

relied upon on appeal as required by TEX. R.CIV.P. 377(d). Under these circumstances, we must presume the omitted portions of the record support the judgment. *Gerdes v. Mustang Exploration Co.,* 666 S.W.2d 640 (Tex.App.—Corpus Christi 1984, no writ). Appellant's first and second points of error are overruled.

■ Appellant's third point of error complains that the trial court erred in overruling appellant's motion for new trial because the trial court communicated with the jury during its deliberation without first informing appellant's counsel. At the time of trial, TEX.R.CIV.P. 286 [2] provided:

Rule 286. Jury May Receive Further Instructions

After having retired, the jury may receive further instructions of the court touching any matter of law, either at their request or upon the court's own motion. For this purpose they shall appear before the judge in open court in a body, and if the instruction is being given at their request, they shall through their foreman state to the court, in writing, the particular question of law upon which they desire further instruction. The court shall give such instruction in writing, but no instruction shall be given except in conformity with the rules relating to the charge. Additional argument may be allowed in the discretion of the court.

In this case, the judge, in the absence of attorneys for both parties, received a note from the jury requesting a chart used by appellant's attorney during jury argument. The trial judge responded that the chart had not been admitted into evidence and the jury could not have it.

Appellee argues that Rule 286 does not apply because the jury did not ask "a question of law." We agree. This situation is

---

1. Associate Justice, Court of Appeals, Thirteenth Supreme Judicial District (Ret.), sitting by designation. *See* Art. 1812, as amended.

2. This rule was amended effective April 1, 1984, but the substance remains the same.

covered by TEX.R.CIV.P. 285 which, on the date of the trial[3] provided:

Rule 285.   Jury May Communicate With Court

The jury may communicate with the court by making their wish known to the officer in charge, who shall inform the court, and they may then in open court, and through their foreman, communicate with the court, either verbally or in writing.   If the communication is to request further instructions, Rule 286 shall be followed.

While the ruling of the judge was correct,[4] it is clear that the above transaction is not in compliance with Rule 285. *See Colls v. Price's Creameries,* 244 S.W.2d 900 (Tex. Civ.App.—El Paso 1951, writ ref'd n.r.e.). However, the appellant must also show harm. *Ross v. Tex.Emp.Ins.Ass'n.,* 153 Tex. 276, 267 S.W.2d 541 (1954); *Freeman v. Carroll,* 499 S.W.2d 668 (Tex.Civ.App.— El Paso 1973, writ ref'd n.r.e.); TEX.R. CIV.P. 434.

Appellant asserts, as harm, that he was denied the opportunity to try to settle the case before the jury returned its verdict. While this lost opportunity may have been valuable to appellant, it cannot have affected the jury verdict and, therefore, does not constitute an error which amounts "to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case...." TEX.R. CIV.P. 434.   Appellant's third point of error is overruled.

The judgment of the trial court is affirmed.

---

**3.** This rule was amended effective April 1, 1984, but the substance remains the same.

**4.** *See* TEX.R.CIV.P. 281.